Exhibit A-6

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------X   Action One
James Brady,

               Plaintiffs,

     -against-                                           Index No. **157779/2013**

450 WEST 31ST STREET OWNER'S CORP., DESIREE
GREENE, individually and as President of the Board for        **BRIEF IN SUPPORT**
450 West 31st Street Owner's Corp, JIM FRANCO                 **OF REARGUMENT**
individually and as a member of the Board of 450 West
31st Street Owner's Corp., KAREN ATTA, individually
and as a member of the Board, of 450 West 31st Street
Owner's Corp., MOLLY BLIENDEN, individually and as
a member of the Board of 450 West 31st Street Owners Corp.,
PRISCILLA MCGEEHON, individually and as a member
of the Board of 450 West 31st Street Owners Corp., BILL
SMITH, individually, and a member of the Board of 450
West 31st Owners Corp., OWAIN HUGHES, individually,
LINDA KRAMER, individually, and as a member of the
Board of 450 West 31st Owners Corp., JON CHODOSH,
Chodosh Realty Services Inc., STANLEY KAUFMAN, ESQ.,
KAUFMAN FRIEDMAN PLOTNICKI & GRUN, LLP,
DEIRDRE A. CARSON, ESQ., GREENBERG TRAURIG,
LLP, VINCENT HANLEY, HANLEY & GOBLE.

               Defendants.
------------------------------------------------------------------X
JAMES BRADY,

             *Plaintiff-Appellant*,                  Action Two

     -against-                                           **Index No. 654226/2013**

JEFFREY KATZ, individually and as CEO
and principal owner of Sherwood Equities, Inc.,
LONG WHARF REAL ESTATE PARTNERS,
LLC., CHICAGO TITLE INSURANCE CO.,
DENNIS W. RUSSO, ESQ., HERRICK,
FEINSTEIN, LLP., FRANK MCCOURT
individually, and as Chairman & CEO of
McCourt Global LP,

               *Defendants-Respondents*.
------------------------------------------------------------------X

## BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR REARGUMENT

I submit this Brief in support of the instant motion to reargue pursuant to CPLR 2221(d) in the above-captioned cases *Brady v. Jeffrey Katz*, et al., Index No. 654226/13, and *Brady v. 450 West 31st Street Owners Corp.*, et al., Index No. 157779/13. For the reasons stated below, this Court's July 15, 2014 decision warrants reargument and a reversal, and this Court's recusal.

### Introduction

In its July 15, 2014 decision, this Court has not only overlooked and misapprehended matters of fact and law, but also falsified the prior adjudged decisions by cherry-picking language that was unlawfully added to the affirmation of my rights, and piecing that together to appear as one decision that completely voids my adjudged rights. (Exhibit A). From the start of this case, defendants urged this Court to retaliate against me for having filed grievances against Justice Marcy Friedman, and for having created two websites cataloging my struggles with the courts of New York State. This Court has clearly succumbed to defendants' call for retaliation.

The Court's decision is a complete departure from the admissions made by this Court and by all defendants at the March 18, 2014 hearing, where the Court spoke again and again of the contradictions in the prior decisions, and acknowledged the impossibility of having the right to construct structures on or above the roof, and the judicially-added limitation (not found in the contract) that I do not have use of the premises' development rights.

The Court spent an hour asking defense counsel how to reconcile this, and then returns a decision less than two weeks after I made requests for discovery and refers to my claims as "meritless" – and "a near perfect example of frivolous conduct," and having been brought in bad faith and deserving of sanctions. Clearly this Court's decision is a direct retaliation for the aftermath of the prior actions and is not based even remotely on an impartial hearing of the case.

## IN THEIR MOTION TO DISMISS, THE DEFENDANTS PUT FORTH THE FOLLOWING INFORMATION TO PREJUDICE THE COURT AGAINST ME

**John R. Goldman** (Rep. Jeffrey Katz, Long Wharf, Dennis Russo, and *Pro se*) -

Affirmation of in Support of Moving Defendant's Motion to Dismiss the Complaint, 12/30/13.

> Annexed hereto as Exhibit H is a true copy of Plaintiffs website
> http://thecriminaljusticesystem.com/Bull/Home.html

**John R. Goldman** - Memorandum of Law in Support of Moving Defendants' Motion to

Dismiss, 12/30/13, p.2:

> "In addition, Plaintiff's allegations are belied by his personal belief (as detailed at http://thecriminaljusticesystem.com/Bull/Home.html that these prior decisions represent "an unprecedented scale of judicial misconduct involving all branches of the New York State Judicial System, including seven justices of the New York State Court of Appeals." Accordingly, Moving Defendants seek sanctions against Plaintiff for bringing this knowingly frivolous and harassing action, as well as a direction from the Court enjoining Plaintiff from ever again raising this issue.

Page 11

> "As detailed in Plaintiff's online manifesto of malfeasance, Plaintiff does not actually believe that the decisions rendered in Brady v. 450 West 31st Owners Corp., et al support the claims asserted herein. Rather, Plaintiff accuses Justice Friedman of "deliberately and deceptively rewriting the contract with the criminal intent of voiding the rights that she knew belonged to Brady's Unit." (Goldman Aff., Exhibit H at p. 13). Plaintiff goes on to allege that Chief Administrative Judge Ann Pfau "directly violated her duties" by not taking any disciplinary action against Justice Friedman, and similarly accuses the Commission on Judicial Conduct of "conducting themselves as corrupt "bullies" by also declining to take disciplinary action against Justice Friedman. (Goldman Aff., Exhibit H at p. 17). Plaintiff then directs his ire at the five Appellate Division Justices who rendered the Appellate Division Decision, accusing them of acting with vengeance and with "criminal intentions" by affirming the trial court decisions in retaliation against Plaintiff's re. 26)quest for disciplinary action against Justice Friedman. (Goldman Aff., Exhibit H at p.26).

**Mark K. Anesh** (Attorney for Vincent Hanley and Stanley Kaufman) - Attorney Affidavit

Submitted in Support of Pre-Answer Motion to Dismiss, 1/15/14, p. 8:

> "As a result of the aforementioned decisions rendered in the underlying action, Plaintiff filed a disciplinary grievance against Justice Friedman with the State Commission on Judicial Conduct; created a website called www.bullyjudges.com wherein he attacks the justices who ruled against him during the course of the underlying litigation; and filed a

3

disciplinary complaint with the State Commission on Judicial Conduct and the Moreland Commission on Public Corruption against of the aforementioned Justices. A copy of plaintiff's letter to the Moreland Commission is annexed hereto as Exhibit M.

From the Page 8 Footnote:

"in his motion in the Court of Appeals for leave to appeal, plaintiff questioned the integrity of all of the New York State Justices who had ruled against him, by stating: "This case raises many issues pertaining to the honesty and integrity of the individuals that are entrusted to be Judges that determine the fate of human beings and their property."

Page 9 footnote:

"On December 6, 2013, plaintiff commenced another action in this Court (Index No. 654226/2013) against, among others, the Chief Executive Officer of Sherwood, and Sherwood's attorneys.

**Jaime R. Wozman**, Memorandum of Law, 1/15/14, p. 10 Footnote:

"Plaintiff has gone so far as to create website, http://www. bullyjudges.com, blasting the judges that rendered the decisions in the underlying action.

**Joseph Augustine** - Memorandum of Law, 2/11/14, p.3:

"Undeterred by the unequivocal language of these six decisions, Plaintiff now contends across his 105-page complaint that the decisions actually hold in his favor, such that the Owners Corp. violated his rights by transferring his TDRs without his permission. Plaintiff knows full well that these decisions held against him-indeed, he has admitted as much in the retaliatory website he launched after losing in the prior action. See www.bullyjudges.com (where Plaintiff accuses New York's Judiciary of an illuminati-style conspiracy to steal his development rights).

Every allegation in those websites is true, and this Court's willful rewriting of the prior decisions and of the contract between me and the Co-op is further evidence of everything contained in those websites. There are two domain names that lead to the same website, and they are properly named to reflect my experiences before the justice system. The judges in this state have in fact behaved like bullies by unilaterally rewritting a contract that has been held to be unambigious, and continue to behave like bullies by foreclosing any possibility for relief by sticking together and threatening me. Judges are in a position of power over litigants and have

4

duties to protect the rights of those that come before them seeking judicial relief. This is <u>*the fourth time a New York court has rewritten the contract between the Co-op and me*</u>, robbing the original clause conveying my rights of its meaning and intent.

## THE COURT FALSIFIES THE PRIOR ADJUDGED DECISION AND REWROTE THE DESCRIPTION OF MY UNIT

The Court asserts on page 14 of the July 15, 2014 decision that:

Again, the ZLDEA's conveyance of air rights cannot serve as the basis for a claim that Brady's right to build has been violated. It has already been adjudged that while the owners of the unit " may" have the right to erect additional structures on the roof, that right does not entitle them to use any floor area in doing so (Prior Action, decision and order, Mar 13, 2009 at *2 & *4-*5 ["Nothing herein shall be construed as holding that plaintiffs have the right to use all or any part of the TDRs in connection with such construction or extension"] Brady v 450 W. 31st St. Owner's Corp., 70 AD3d 469, 470 [1st Dept 2010] [holding that the offering plan "reserves for plaintiffs the right.... to construct or extend structures on the roof that may be built without the use of the building's development rights."]

In the above paragraph, the court falsified what was said in the March 13, 2009 Decision and First Department 2010 Decision. These facts alone prove that the Court is not fit to preside over this case, and should have recused itself when the motion was made.

The Court deliberately changed the wording of what rights were adjudged that I had in the March 13, 2009 Decision. The Court took out the rights that were given to my Unit and replaced it with her own words:

*"It has already been adjudged that while the owners of the unit "may" have the right to erect additional structures on the roof, that right does not entitle them to use any floor area in doing so."*

In the same paragraph, the Court continued: "*Brady v 450 W. 31st St. Owner's Corp.*, 70 AD3d 469, 470[1st Dept 2010] [holding that the offering plan "reserves for plaintiffs the right.... to construct or extend structures on the roof that may be built without the use of the building's development rights."]."

5

But this is not true. In affirming the March 13, 2009 decision, the Appellate Division did not use any of those words. The court stated "Plaintiffs have, in addition to the utilization of the roof, the right to construct or extend structures on the roof or above the same to the extent that may from time to time be permitted under applicable law." This Court, however, took out this entire grant of rights that were given to my unit.

## THE COURT ENGAGES IN FURTHER SELECTIVE READING OF THE PRIOR DECISIONS

On page of the decisions, the Court writes:

The court held that: 1) the Co-op "is the owner of, and has the right to transfer, the [TDRs] that are granted or permitted pursuant to the Zoning Resolution, to the parcel of land on which the building ... is located"; 2) the offering plan "does not convey or reserve the TDRs to" the Bradys; and 3) the Bradys have "the right to construct or extend structures upon the roof or above to the same to the extent that may from time to time be permitted under applicable law. (Decision p. 4).

This Court ignored item number "3" – my rights that were affirmed by the court. It was the Co-op Corporation that was obligated to figure out how it could sell the premises' development rights without affecting my rights and placing easements over the unit that restricted the height of the building without affecting my rights. This was untenable, and that's why the Co-op Corporation demanded a waiver, for they knew they could not consummate the transaction without violating my rights.

## THE COURT MISAPPLIES COLLATERAL ESTOPPEL

The Court applied *res judicata* and collateral estoppel to the part of the decision which it knew was erroneous and unlawfully written and discarded the part of the decision which gave me the right to utilize the premises permissible development rights which are needed in order for me to have the right to construct or extend structures on or above the roof. This Court had a duty to protect my rights as they were described in the governing decision. This Court wrote:

6