**EXHIBIT B**

SUPREME COURT OF THE STATE OF NEW YORK — NEW YORK COUNTY

PRESENT: __FRIEDMAN__  PART __52__
                Justice

JAMES BRADY
        -v-
450 WEST 31st OWNERS CORP

INDEX NO. __60374/07__
MOTION DATE _____
MOTION SEQ. NO. __2__
MOTION CAL. NO. _____

The following papers, numbered 1 to ____ were read on this motion to/for _summary judgment_

|  | PAPERS NUMBERED |
|---|---|
| Notice of Motion/ ~~Order to Show Cause~~ and cross-motion ~~— Affidavits — Exhibits~~ ... | 1, 1a, 2 |
| Answering Affidavits — Exhibits | 3 |
| Replying Affidavits | 4 |
| Memos of Law | M1-M3 |

Cross-Motion: ☒ Yes ☐ No

Upon the foregoing papers, it is ordered that this motion _and cross-motion are_

**DECIDED IN ACCORDANCE WITH ACCOMPANYING DECISION/ORDER**

FILED
JUL 07 2008
COUNTY CLERK'S OFFICE
NEW YORK

MOTION/CASE IS RESPECTFULLY REFERRED TO JUSTICE
FOR THE FOLLOWING REASON(S):

Dated: __7/2/08__                                   _____ J.S.C.

Check one:  ☐ FINAL DISPOSITION    ☒ NON-FINAL DISPOSITION
Check if appropriate:    ☐ DO NOT POST         ☐ REFERENCE

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK -- PART 57

PRESENT: Hon. Marcy S. Friedman, JSC

---------------------------------------------------------------- x

JAMES BRADY and JANE BRADY,

                *Plaintiffs*,

- against -

450 WEST 31ST OWNERS CORP., et al.,

                *Defendants.*

Index No.: 603741/07

DECISION/ORDER

FILED
JUL 07 2008
COUNTY CLERK'S OFFICE
NEW YORK

    This is an action for injunctive and declaratory relief. Plaintiffs James and Jane Brady, the owners of the shares of stock allocated to a commercial unit on the 12th floor and roof of a cooperatively owned premises, seek to enjoin defendant 450 West 31st Owners Corp. ("Owners Corp."), the cooperative corporation, from selling transferable development rights ("TDRs") (or, as more commonly known, "air rights") to defendants Extell Development Company, Hudson Yards, LLC and Extell 31/10 LLC ("Extell"), the developer of an adjoining premises. Owners Corp. and Extell each move for summary judgment dismissing the amended complaint. Plaintiffs cross-move for partial summary judgment on the first through third causes of action of the complaint. This court denied plaintiffs' prior motion for a preliminary injunction by decision and order dated November 29, 2007, which was affirmed by the Appellate Division, First Department, by order dated December 20, 2007.

    Owners Corp. and Extell 31/10 LLC entered into a Sale and Purchase Agreement, dated August 23, 2007 ("contract of sale"), for the sale by Owners Corp. to Extell of Owners Corp.'s

"excess development rights." It is undisputed that such excess development rights include the air rights or TDRs above plaintiffs' unit. The contract of sale has not yet closed.

The first cause of action of plaintiffs' amended complaint seeks an injunction enjoining defendants from consummating the contract of sale. The second cause of action seeks a judgment declaring that the contract of sale is null and void. The third cause of action seeks a judgment declaring that "the rights purportedly conveyed by the Contract of Sale belong solely to the 12th Floor * * * and that the Cooperative Corporation cannot without the consent of the owner of the 12th Floor sell or transfer any portion of these rights." (Amended Complaint, ¶ 79.) The fourth cause of action alleges that the conveyance made by the contract of sale would unjustly enrich Extell, and seeks imposition of a constructive trust upon the conveyance. The fifth cause of action alleges that consummation of the contract of sale would wrongfully take possession of plaintiffs' space, and seeks a judgment ejecting defendants from possession of such space. The sixth cause of action seeks an injunction enjoining Owners Corp. from breaching its fiduciary duty to plaintiffs. The seventh and final cause of action alleges that plaintiffs have the right, under an agreement with Owners Corp., to construct or extend structures on or above the roof, and seeks an injunction enjoining Extell from interfering with this agreement.

In seeking to enjoin the transfer of the TDRs, plaintiffs rely on paragraph 7 of the second amendment to Offering Plan which provides in full: "The 12th floor and roof unit shall have, in addition to the utilization of the roof, the right to construct or extend structures upon the roof or above the same to the extent that may from time to time be permitted under applicable law." The threshold issue on these motions is therefore whether this paragraph should be construed as conferring air rights upon plaintiffs.

Page -2-

It is well settled that the determination of whether a contract is ambiguous is one of law to be resolved by the court. (Matter of Wallace v 600 Partners Co., 86 NY2d 543, 548 [1995]; W.W.W. Assocs., Inc. v Giancontieri, 77 NY2d 157 [1990].) Moreover, the court should determine from contractual language, without regard to extrinsic evidence, whether there is any ambiguity. (Chimart Assocs. v Paul, 66 NY2d 570, 573 [1986].) "[M]atters extrinsic to the agreement may not be considered when the intent of the parties can be gleaned from the face of the instrument." (Id. at 572-573 [internal citation and quotation marks omitted].) "[W]hen parties set down their agreement in a clear, complete document, their writing should * * * be enforced according to its terms." (Vermont Teddy Bear Co., Inc. v 538 Madison Realty Co., 1 NY3d 470, 475 [2004] [internal quotation marks and citations omitted].) This rule is of "special import" in real property transactions "where commercial certainty is a paramount concern, and where * * * the instrument was negotiated between sophisticated, counseled business people negotiating at arm's length. In such circumstances, courts should be extremely reluctant to interpret an agreement as impliedly stating something which the parties have neglected to specifically include." (Id. [internal quotation marks and citations omitted].)

Applying these principles, the court finds that paragraph 7 is not ambiguous, and that it gives plaintiffs the right to build structures on or above the roof but does not convey air rights to plaintiffs. It is undisputed that air rights existed and were well known in the real estate community in 1980 when the Offering Plan was amended to add paragraph 7. Had the parties, who were sophisticated business people, intended to convey or reserve air rights to the 12th floor and roof units, they could easily have expressly so provided. Indeed, plaintiffs themselves do not take the position that they are the owners of the air rights. They clarify that they "do not

Page -3-

contend that the 12th Floor and Roof Unit can sell or transfer these [TDR] rights to adjoining landowners, but * * * do contend that the Cooperative Corporation cannot sell or transfer these rights to anyone without [plaintiffs'] consent." (Brady Aff. In Support of Cross-Motion ["Brady Aff."], ¶ 51.) While plaintiffs thus do not dispute that the Cooperative Corporation is the owner of the TDRs, they contend that they "control" the development rights by virtue of paragraph 7 of the amended Offering Plan. (Id., ¶ 52.) However, paragraph 7 is plainly not susceptible to the construction, advanced by plaintiffs, that they have the right to extend their existing penthouse structure by an additional 190,000 square feet (id., ¶ 89), the square footage of the air rights that were acquired by the Cooperative Corporation as a result of a change in the zoning resolution approximately 25 years after plaintiffs' predecessor acquired the right to erect structures on the roof pursuant to paragraph 7 of the amended Offering Plan.

The court accordingly holds as a matter of law that Owners Corp. is the owner of the TDRs that were conveyed by the contract of sale to Extell, and that paragraph 7 of the second amendment to the Offering Plan does not convey or reserve the TDRs to plaintiffs. The first, second, and third causes of action of plaintiffs' amended complaint, all of which seek to invalidate the contract of sale, are therefore dismissed. The fourth and fifth causes of action for a constructive trust and judgment of ejectment are not maintainable on the facts alleged. The sixth cause of action against Owners Corp. for breach of fiduciary duty and the seventh cause of action against Extell for an injunction also fail to state cognizable claims on the facts alleged.

In so holding, the court does not reach the issue of whether the right which has been conveyed to plaintiffs – namely, "to construct or extend structures upon the roof or above the same to the extent that may from time to time be permitted under applicable law" – has been or

Page -4-

may be impaired by Extell's proposed development. Taking the position that they are entitled to the broad declaration that they control all the air rights, plaintiffs do not, in the alternative, seek a more limited declaration as to whether specifically identified structures may be erected on the roof. Nor on this record would there be a basis for such relief, as plaintiffs do not provide any factual details as to the particular structures they plan to erect on the roof. (Compare 40-56 Tenth Ave. LLC v 450 W. 14th St. Corp., 22 AD3d 416 [1st Dept 2005].)

The branch of plaintiffs' motion to dismiss defendants' counterclaims is held in abeyance pending hearing of plaintiffs' separately noticed motion to dismiss such counterclaims as moot.

This constitutes the decision and order of the court.

Dated: New York, New York
July 2, 2008

MARCY FRIEDMAN, J.S.C.



FILED
JUL 07 2008
COUNTY CLERK'S OFFICE
NEW YORK

Page -5-