EXHIBIT
C

J ON 3/20/2009

SUPREME COURT OF THE STATE OF NEW YORK — NEW YORK COUNTY

PRESENT: MARCY S. FRIEDMAN PART 57
*Justice*

BRADY

- v -

450 W 31st Owners Corp

INDEX NO. 603741/07

MOTION DATE

MOTION SEQ. NO. 005

MOTION CAL. NO.

The following papers, numbered 1 to ______ were read on this motion to/for reargument

| | PAPERS NUMBERED |
|---|---|
| Notice of Motion/ Order to Show Cause — Affidavits — Exhibits ... | 1 |
| Answering Affidavits — Exhibits | 2 |
| Replying Affidavits | |

Cross-Motion: ☐ Yes ☑ No

Upon the foregoing papers, it is ordered that this motion is

**DECIDED IN ACCORDANCE WITH ACCOMPANYING DECISION/ORDER.**

This judgment has not been entered by the County Clerk and notice of entry cannot be served based hereon. To obtain entry, counsel or authorized representative must appear in person at the Judgment Clerk's Desk (Room 141B).

MOTION/CASE IS RESPECTFULLY REFERRED TO JUSTICE FOR THE FOLLOWING REASON(S):

Dated: 3-13-09

MARCY S. FRIEDMAN J.S.C.

Check one: ☑ FINAL DISPOSITION ☐ NON-FINAL DISPOSITION

Check if appropriate: ☐ DO NOT POST ☐ REFERENCE

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK – PART 57

PRESENT: Hon. Marcy S. Friedman, JSC

---------------------------------------------------------------- x

JAMES BRADY and JANE BRADY,

*Plaintiff,*

- against -

450 WEST 31ST OWNERS CORP., et al.,

*Defendants.*

---------------------------------------------------------------- x

Index No.:603741/07

DECISION/ORDER

This judgment has not been entered by the County Clerk and notice of entry cannot be served based hereon. To obtain entry, counsel or authorized representative must appear in person at the Judgment Clerk's Desk (Room 141B).

In this action for injunctive and declaratory relief, plaintiffs move for leave to reargue defendants' motions for summary judgment dismissing the amended complaint, and plaintiffs' cross-motion for summary judgment on their first through third causes of action. The motions were decided by decision and order of this court dated July 2, 2008 ("prior decision").

Leave to reargue is granted. Upon reargument, the court adheres to its prior decision, including its holding that defendant 450 West 31st Owners Corp. ("Owners Corp.") "is the owner of the TDRs [transferable development rights] that were conveyed by the contract of sale to [co-defendant] Extell, and that paragraph 7 of the second amendment to the Offering Plan does not convey or reserve the TDRs to plaintiffs." (Prior Decision at 4. See Macmillan, Inc. v CF Lex Assocs., 56 NY2d 386, 392 [1982] ["[A]ir rights, at the heart of the concept of zoning lot merger, have historically been conceived as one of the bundle of rights associated with ownership of the land rather than with ownership of the structures erected on the land."].)

Paragraph 7 states: "The 12th floor and roof unit shall have, in addition to the utilization

of the roof, the right to construct or extend structures upon the roof or above the same to the extent that may from time to time be permitted under applicable law." As held in the prior decision, paragraph 7 is not ambiguous and "gives plaintiffs the right to build structures on or above the roof but does not convey air rights to plaintiffs." (Id. at 3.) As further held, "air rights existed and were well known in the real estate community in 1980 when the Offering Plan was amended to add paragraph 7. Had the parties, who were sophisticated business people, intended to convey or reserve air rights to the 12th floor and roof units, they could easily have expressly so provided." (Id. at 3.)[1] The court adheres to its prior rejection of plaintiffs' argument that while they do not own the TDRs, they control them and therefore have the right to extend their existing penthouse structure by an additional 190,000 square feet. (Id. at 4.) While the prior decision did not expressly reject plaintiffs' claim that paragraph 7 requires Owners Corp. to obtain their consent or waiver before any sale of the TDRs, the court here rejects that claim which was not supported by any legal authority.

Contrary to plaintiffs' contention, this court's holding that Owners Corp. owns and controls the TDRs does not abrogate plaintiffs' right to construct structures on or above the roof pursuant to paragraph 7. It is well settled that a right to maintain or construct roof-top structures may co-exist with the transfer of development rights. (See Wing Ming Props. (U.S.A.) Ltd. v

---

[1]On the prior motions, all of the parties took the position that paragraph 7 was unambiguous and should be interpreted without extrinsic evidence. While the court did not consider extrinsic evidence submitted by the parties on the motions, the court notes parenthetically that plaintiffs' themselves submit substantial evidence showing that they knew at the time they were negotiating for the purchase of their unit that Owners Corp. was negotiating a sale of the air rights of the building to Extell; that it was anticipated that there would be a distribution to the shareholders of the building of proceeds from the sale; and that plaintiffs objected not to Owners Corp.'s control over or sale of the air rights, but to the price Owners Corp. was willing to take for the sale. (See Ps.'Aff In Opp. To Ds.' Prior Motion, Exs. Q, S.)

Mott Operating Corp., 79 NY2d 1021 [1992].)

The issue of whether plaintiffs' existing penthouse structure can be expanded without using, or with minimal use, of the TDRs was not presented to the court on the prior motions. As noted in the prior decision, "[t]aking the position that they are entitled to the broad declaration that they control all the air rights, plaintiffs [did] not, in the alternative, seek a more limited declaration as to whether specifically identified structures may be erected on the roof." (Prior Decision at 5.) Nor did plaintiffs provide any factual details as to the particular structures they planned to erect on the roof. (Id.) On this reargument motion, plaintiffs acknowledge that they did not provide such factual details, but justify their decision not to do so based on their claim that they have the right to construct a building of a size up to the square footage of the air rights. (See Aff. of Nathan Ferst, Esq. In Support of Motion to Reargue ["Ferst Aff."] at 16.)

Plaintiffs continue to take the all-or-nothing position that they have the right to construct or extend structures of the full size permitted by the "as-of-right air rights," which they quantified on the prior motion as 190,000 square feet and now describe as 38,500 square feet. (Ferst Aff. at 16). Plaintiffs assert that "[t]he magnitude of the right to construct or extend structures upon the roof or above same that might become available from time to time is not restricted in the footnote [paragraph 7], nor is the time period restricted. Whatever the magnitude of the right is, from time to time permitted by applicable law (even if unanticipated by the author of the footnote amendment), possession of this right belongs to the shareholder of the 12th floor and roof unit." (Id. at 17.) Plaintiffs' claim, then, is that as a result of a change to the Zoning Resolution which increased permissible development in the Hudson Yards area in 2005, 25 years after the Offering Plan was issued, they are entitled to add "several floors" to their current penthouse structure and

thus, in effect, to construct a new building on top of the existing building. (See id. at 16.) The prior decision, which this court reaffirms on reargument, rejects this untenable claim.

It is noted that as of the date of the oral argument of this reargument motion, the contract between Owners Corp. and Extell had been terminated by agreement between those parties. To the extent that plaintiffs argued on the prior motions that the proposed Extell development would have infringed on their existing structure or right to build, that claim is moot. Moreover, as indicated above, plaintiffs did not develop a record that would have permitted a declaration as to whether they can expand their existing structure in any respect without using Owners Corp.'s TDRs.

While the court adheres to its prior decision, the prior order should not only have dismissed plaintiffs' complaint but granted a declaration consistent with the decision. The order will accordingly be modified in this respect.

It is hereby ORDERED that leave to reargue is granted and, upon reargument, the court adheres to its prior decision; and it is further

ORDERED that Owners' Corp.'s motion for summary judgment is granted to the extent of dismissing the first through seventh causes of action of the complaint; and it is further

ORDERED, ADJUDGED, and DECLARED that Owners' Corp. is the owner of, and has the right to transfer, the transferable development rights ("TDRs") that are granted or permitted, pursuant to the Zoning Resolution, to the parcel of land on which the building known as 450 West 31st Street, New York, New York is located; and it is further

ORDERED, ADJUDGED, and DECLARED that paragraph 7 of the second amendment to the Offering Plan does not convey or reserve the TDRs to plaintiffs; and that, pursuant to

paragraph 7, plaintiffs have, in addition to the utilization of the roof, the right to construct or extend structures upon the roof or above the same to the extent that may from time to time be permitted under applicable law. Provided that: Nothing herein shall be construed as holding that plaintiffs have the right to use all or any part of the TDRs in connection with such construction or extension; and it is further

ORDERED that Extell's motion for summary judgment is denied as moot; and it is further

ORDERED that plaintiffs' motion for summary judgment is denied; and it is further

ORDERED that the branch of plaintiffs' motion to dismiss the Extell defendants' counterclaims is denied as moot based on the parties' stipulation, dated November 13, 2008, discontinuing all claims and counterclaims between plaintiffs and the Extell defendants.

This constitutes the decision, order, and judgment of the court.

Dated: New York, New York
    March 13, 2009

MARCY FRIEDMAN, J.S.C.

