EXHIBIT G

Case 1:16-cv-02287-GBD-SN   Document 16-15   Filed 05/18/16   Page 2 of 5
FILED: NEW YORK COUNTY CLERK 11/30/2015 11:52 AM                 INDEX NO. 154496/2015
NYSCEF DOC. NO. 29   Case 1:16-cv-02693-GBD-KNF   Document 21-1   Filed 05/04/16   Page 36 of 56   RECEIVED NYSCEF: 11/30/2015

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

Index Number : 154496/2015

BRADY, JAMES H

vs

NEW YORK COUNTY DISTRICT

Sequence Number : 001

DISMISS

PART 52

INDEX NO. _____

MOTION DATE _____

MOTION SEQ. NO. _____

The following papers, numbered 1 to 3, were read on this motion to/for _dismiss_

Notice of Motion/Order to Show Cause — Affidavits — Exhibits _____ | No(s). 1
Answering Affidavits — Exhibits _____ | No(s). 2
Replying Affidavits _____ | No(s). 3

Upon the foregoing papers, it is ordered that this motion is

**MOTION DETERMINED PURSUANT TO ANNEXED DECISION AND ORDER**

Dated: 11/23/15

_____, J.S.C.
HON. MARGARET A. CHAN

MOTION/CASE IS RESPECTFULLY REFERRED TO JUSTICE
FOR THE FOLLOWING REASON(S): _____

1. CHECK ONE: ............................................. ☒ CASE DISPOSED       ☐ NON-FINAL DISPOSITION
2. CHECK AS APPROPRIATE: ..................MOTION IS: ☒ GRANTED  ☐ DENIED  ☐ GRANTED IN PART  ☐ OTHER
3. CHECK IF APPROPRIATE: ............................. ☐ SETTLE ORDER          ☐ SUBMIT ORDER
                                                        ☐ DO NOT POST   ☐ FIDUCIARY APPOINTMENT   ☐ REFERENCE

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: PART 52

---

JAMES BRADY,

                Plaintiff,

-against-

THE NEW YORK COUNTY DISTRICT
ATTORNEY'S OFFICE and THE CITY OF
NEW YORK,

                Defendants.

*INDEX* # 154496/2015

DECISION and ORDER

---

Margaret A. Chan, J.:

    This action stems from a series of prior lawsuits involving development rights of a cooperatively-owned building in which plaintiff and his wife are shareholders of the penthouse floor at 450 West 31st Street in Manhattan. The instant action does not involve the cooperative; rather, it is prompted by plaintiff's unsuccessful litigious efforts regarding the cooperative in the New York State courts from the trial level to the court of appeals level, and his quest to prosecute the courts/judges, and when that failed, the governmental entities, including the Commission of Judicial Conduct, the New York Attorney General, etc. that declined to perform the prosecutorial task that he sought. This action is but another of plaintiff's claim that a city agency wrongfully declined his requests.

### BACKGROUND

    In the 2008 action (Brady I), another Justice of this Court found that the cooperative, not plaintiff and his wife, was the exclusive owner of the building's 'transferrable development rights' (TDRs) (*see Brady v 450 West 31st Owners Corp.*, 2009 NY Slip Op 30599[U]). The decision was affirmed by the Appellate Division (*see Brady v 450 West 31st Owners Corp.*, 70 AD3d 469 [1st Dept 2010]), and plaintiff's motion for leave to appeal to the Court of Appeals was "denied with one hundred dollars costs and . . . disbursements" (*Brady v 450 W. 31st Owners Corp.*, 15 NY3d 710 [2010]).

    Plaintiff commenced two more actions (Brady II and III) after the cooperative corporation completed the transfer of its TDRs in 2011. Collectively, in Brady II and III, plaintiff sued the cooperative board and its members, individually; the law firms that represented the cooperative in Brady I; the law firm that represented the cooperative in its first unsuccessful attempt to sell the TDRs in 2007; the prior owner of his unit; the eventual purchasers of the TDRs and the law firms that

represented them; and the parent company of the entity that purchased an adjoining lot and its CEO, individually.

In 2014, Brady II and III were dismissed and defendants were granted sanctions in the amount of their attorneys' fees and litigation expenses (*Brady v 450 West 31st Street Owners Corp.*, 2014 NYSlip Op 31879[U]). The Brady II and III court found that despite knowing his claims "lack[ed] any substance" plaintiff's "meritless" action was brought in an "abus[e of] the judicial process," demonstrating a "near perfect example of frivolous conduct" (*id.* at 13).

Between December 2010 and February 2015, plaintiff sent the New York County District Attorney's Office (DANY) letters alleging judicial corruption and pointed to, among other things, the court's imposition of sanctions (Deft's Mot, Exh L, ¶¶ 70-78). At the same time, plaintiff made similar allegations of judicial corruption to the Commission on Judicial Conduct, the Attorney General's Office, the Moreland Commission to Investigate Public Corruption and the New York State Governor's Office (*id,* Exh G, ¶¶ 134-167). None of those entities took responsive action (*id.* ¶¶ 138-172).

On March 15, 2015, plaintiff commenced an action against The Commission on Judicial Conduct, New York Attorney General Eric Schneiderman, New York Governor Andrew Cuomo, and DANY in federal court, the Southern District of New York (*id.*, Exh G). On April 24, 2015, plaintiff filed a notice of voluntary dismissal that was endorsed by the assigned Federal District Court Judge (*id.*, Exh K). About two weeks later, on May 6, 2015, plaintiff commenced the instant action which DANY now moves to dismiss.

In the instant action, plaintiff asserts a federal civil rights claim under 42 USC § 1983 and state law claims for gross negligence, willful misconduct, prima facie tort, and negligent infliction of emotional distress against defendants for declining to launch a criminal investigation against the Supreme Court Justices who presided over Brady I, II and III. DANY moves to dismiss because it is entitled to prosecutorial immunity with respect to activities related to its prosecutorial function. Its motion is granted.

It is well settled that the decision to initiate a prosecution or not is entitled to absolute immunity under federal and state law (*see Imbler v Pachtman*, 424 US 409, 431 [1976]; *Rodrigues v City of New York*, 193 AD2d 79, 85 [1st Dept 1993]). The immunity applies "regardless of any allegations that [the] actions were undertaken with an improper state of mind or improper motive," as is alleged here (*Shmueli v City of New York*, 424 F3d 231, 237 [2d Cir 2005]). Therefore, no valid cause of action exists against DANY here. Similarly, no viable claim is alleged against defendant City of New York and the action as against it is also dismissed.

It should be noted that this is the second matter instituted by plaintiff against DANY for its alleged inaction in response to plaintiff's claims of judicial corruption.

During motion practice in Brady II and III, the court declined to impose a filing injunction at that time, but warned plaintiff not to "test the court's patience" by bringing another frivolous lawsuit (*see Brady*, 2014 NYSlip Op 31879(U) at 13). "[A] litigious plaintiff pressing a frivolous claim can be extremely costly . . . and can waste an inordinate amount of court time, time that this court and the trial courts can ill afford to lose. Thus, when, as here, a litigant is abusing the judicial process by hagriding individuals solely out of ill will or spite, equity may enjoin such vexatious litigation" (*Sassower v Signorelli*, 99 AD2d 358, 359 [2d Dept 1984][internal quotations and citations omitted]). Given plaintiff's pattern of vexatious conduct and repetitive litigation, including his penchant to inflict hagride on those who do not do his bidding, this court shall sua sponte issue a protective order prohibiting plaintiff from initiating any further litigation as party plaintiff without prior approval of the Administrative Judge of the court in which he seeks to bring a further motion or commence an action, with the sole exception of appealing the instant Order (*see Capogrosso v Kansas*, 60 AD3d 522, 523 [1st Dept 2009]; *Sassower* at 358).

It is also noted that after the complete submission of this motion plaintiff efiled two letters seeking oral argument, which this court, in its discretion declined. Plaintiff's third letter implored this court not to give into pressure from defendants to dismiss his claims and that he has notified the FBI and United States Attorney for the Southern District of his allegations of judicial corruption. This court is under no pressure whatsoever to decide this case in any fashion other than to apply the relevant and binding law and authority, which it has now done.

Accordingly, it is ORDERED that defendant's motion to dismiss the complaint is granted in its entirety. The action is dismissed, and it is further

ORDERED that plaintiff is barred from initiating any further litigation as party plaintiff without prior approval of the Administrative Judge of the court in which he seeks to bring a further motion or commence an action, with the sole exception of appealing the instant Order to the First Department, and it is further

ORDERED and ADJUDGED that the Clerk of the Court shall enter judgment accordingly. This is the decision and order of the court.

Enter:

Dated: November 23, 2015

Margaret A. Chan, *J.S.C.*