UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| James H. Brady<br>　　　　　　　　　　Plaintiff,<br><br>　　　　　　　-against-<br><br>John Goldman, Esq. Individually, John Goldman, Esq. As member of Herrick Feinstein LLP; Justin singer, Esq. Individually; Justin Singer, Esq. as a member of Herrick Feinstein LLP; Daniel R. Milstein, Esq., Individually; Daniel R. Milstein, As member of Greenberg Traugig LLP; Steven Sinatra, Esq., Individually; Steven Sinatra, Esq. As member of Greenberg Traugig LLP; Richard M. Zuckerman, Esq., Individually; Richard M. Zuckerman, Esq., As member of Dentons US LLP; Joseph P. Augustine, Esq., Individually; Joseph P. Augustine, Esq., As member of Augustine & Eberle LLP; Mark K. Anesh, Esq., Individually; Mark K. Anesh, As member of Lewis Brisbois Bisgaard & Smith LLP; Jamie Wozman, Esq., Individually; Jamie Wozman, Esq., As member of Lewis Brisbois Bisgaard & Smith LLP; Justine Y.K. chu, Esq., Individually; Justin Y.K. Chu Esq., As member of Steptoe & Johnson; Adam Richards, Esq., Individually; Adam Richards, Esq., As member of O'Reilly, Stoutenburg, Richards, LLP<br>　　　　　　　　　　　　　　　Defendants. | 16 cv 2287 (GBD)(SN) |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT

LEWIS BRISBOIS BISGAARD & SMITH LLP
*Attorneys for Defendants*
*Mark K. Anesh, Esq., Jamie R. Wozman, Esq.*
*and Lewis Brisbois Bisgaard and Smith LLP*
77 Water Street, Suite 2100
New York, New York 10005
T: (212) 232-1300
E: Jamie.Wozman@lewisbrisbois.com
File Number: 8055-1047

Of Counsel:
Mark K. **Anesh**, Esq.
Jamie **Wozman**, Esq.

## TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ................................................................................. 1

STATEMENT OF FACTS ....................................................................................... 2

    A.   Summary of Prior and Ongoing Court Litigation Commenced by Plaintiff
          Related to His Commercial Cooperative's Air Rights ................................... 2

    B.   The Allegations In the Subject Complaint .................................................. 8

ARGUMENT ........................................................................................................ 10

    POINT I

    THE ACTION SHOULD BE DISMISSED FOR LACK OF SUBJECT MATTER
    JURISDICTION. ............................................................................................ 10

    A.   The Complaint Fails to Adequately Allege Complete Diversity of Citizenship ........ 10

    B.   The Rooker-Feldman Doctrine Bars This Action. ....................................... 11

    POINT II

    THIS ACTION IS BARRED BY COLLATERAL ESTOPPEL ...................................... 14

    POINT III

    THE COMPLAINT FAILS TO STATE A CLAIM ................................................. 14

    A.   Legal Standards ................................................................................ 15

    B.   The Complaint Fails to State a Valid Cause of Action for Fraud Against the
          LBBS Defendants. ............................................................................ 15

    C.   The Complaint Fails to Allege a Violation of New York Judiciary Law
          Section 487 ...................................................................................... 17

    D.   The Complaint Fails to State a Valid Cause of Action sounding in Intentional
          Infliction of Emotional Distress. .......................................................... 21

POINT IV

DISMISSAL WITH PREJUDICE IS APPROPRIATE AS IS AN INJUNCTION
BARRING PLAINTIFF FROM FILING ADDITIONAL LAWSUITS
RELATING TO THE SUBJECT MATTER OF THIS LAWSUIT ..................................23


CONCLUSION .....................................................................................................................25

# TABLE OF AUTHORITIES

## Cases

*Ad. Coast Line R.R.Co. v. Bhd. of Locomotive Eng r.v.,*
  398 U.S., 281, 296 (1983) .................................................................................................. 11

*Amalfitano v. Rosenberg,*
  12 N.Y.3d 8 (2009) ........................................................................................................... 18

*Aurecchione v. Schoolman Transp. Sys., Inc.,*
  426 F.3d 635, 638 (2d Cir. 2005) .................................................................................... 10

*Bell Atl. Corp. v. Twombly,*
  550 U.S. 544 (2007) .......................................................................................................... 15

*Brady v. 450 West 31st Street Owners Corp.,,*
  70 A.D.3d 469, 470 (1st Dep't 2010) ................................................................................. 3

*Brady v. 450 West 31st Street Owners Corp.,*
  15 N.Y.3d 710 (2010) ......................................................................................................... 3

*Brady v. 450 West 31st Street Owners Corp.,*
  25 N.Y.3d 979 (2015) ......................................................................................................... 4

*Chibcha Rest. Inc. v. David A. Kaminsky & Assoc. L.P.,*
  102 A.D.3d 544 (1st Dept. 2013) ..................................................................................... 21

*Chill v. General Electric Company,*
  101 F.3d 263 (2d Cir. 1996) ............................................................................................. 23

*Cohen v. S.A.C. Trading Corp.,*
  711 F.3d 353 (2d Cir. 2013) ............................................................................................. 15

*Conley v. Gibson,*
  355 U.S. 41 (1957) ............................................................................................................ 15

*Curry v. Dollard,*
  52 A.D.3d 642 (2d Dep't 2008) ........................................................................................ 19

*DePrima v. City of New York Dept of Ethic.,*
  2014 U.S. Dist. LEXIS 37866 (E.D.N.Y. Mar. 20, 2014) ................................................ 14

*Dinhofer v. Med. Liab. Mut. Ins. Co.,*
  92 A.D.3d 480 (1st Dep't 2012)................................................................................18

*Dist. of Columbia Court of Appeals v. Feldman,*
  460 U.S.462,482-86 (1983)....................................................................................11

*Doe v. American Broadcasting Companies,*
  152 A.D.2d 482 (1st Dep't 1989)............................................................................22

*Dolan v. Roth,*
  170 F. App'x 743 (2d Cir. 2006)..............................................................................14

*Edmund v. Spitzer,*
  2005 U.S. Dist. LEXIS 44989 (E.D.N.Y. 2005)......................................................12

*Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y.,*
  375 F.3d 168, 187 (2d Cir. 2004)............................................................................16

*Eurycleia Partners, LP v. Seward & Kissel, LLP,*
  12 N.Y.3d 553, 559 (2009)......................................................................................15

*Exxon Mobil Corp. v. Saudi Basic Inda. Corp.,*
  544 U.S. 280, 284 (2005)........................................................................................12

*Fischer v. Maloney,*
  43 N.Y.2d 553, 557 (1978)......................................................................................22

*Goldberg v. Roth,*
  2001 U.S. Dist. LEXIS 20932 (S.D.N.Y. Dec. 17, 2001)........................................13

*Haggerty v. Ciarelli & Dempsey,*
  374 Fed. Appx. 92, 93-94 (2d Cir. 2010).................................................................20

*Hoblock v. Albany Cnty. Ltd. of Flees,*
  422 F.3d 77, 84 (2d Cir. 2005).................................................................................11

*Howell v. New York Post Co.,*
  81 N.Y.2d 115, 596 N.Y.S.2d 350 (1993)................................................................21

*J.S. v. Attica Central Schs.,*
  386 F.3d 107, 110 (2d Cir. 2004).............................................................................10

*Kaminsky v. Herrick, Feinstein LLP,*
  59 A.D.3d 1, 13 (1st Dep't 2008)............................................................................................18

*Kaye v. Trump,*
  58 A.D.3d 579 (1st Dep't 2009) ..............................................................................................22

*Kropelnicki v. Siegel, 290 F.3d 118, 128,*
  290 F.3d 118, 128 (2d Cir. 2002)............................................................................................11

*Kurman v. Schnapp,*
  73 A.D.3d 435 (1st Dep't 2010) ..............................................................................................19

*Lama Holding Co. v. Smith Barney,*
  88 N.Y.2d 413, 421 (1996) ......................................................................................................15

*Lazich v. Vittoria & Parker,*
  189 A.D.2d 753, 754 (2d Dep't 1993) .....................................................................................20

*Lerner v. Fleet Bank, N.A.,*
  459 F.3d 273, 290-91 (2d Cir. 2006) .......................................................................................16

*Mackeson v. Diamond Fin. LLC.,*
  347 F.Supp.2d 53, 56 (S.D.N.Y. 2004)....................................................................................11

Melnitsky v. Owen,
  19 A.D.3d 201 (1st Dep't 2005)...............................................................................................21

*Michalic v. Klat,*
  128 A.D.2d 505, 506 (2d Dep't 1987)......................................................................................21

*O'Callaghan v. Sifre,*
  537 F. Supp.2d 594, 596 (S.D.N.Y. 2008)...............................................................................18

*Rooker v. Fid. Trust Co.,*
  263 U.S. 413, 415-16 (1923)....................................................................................................11

*Rozen v. Russ & Russ, P.C.,*
  76 A.D.3d 965, 968 (2d Dep't 2010) .......................................................................................20

*Ruotolo v. City of New York,*
  514 F.3d 184, 188 (2d Cir. 2008) ............................................................................................15

*Safir v. U.S. Lines, Inc.,*
  792 F.2d 19, 24 (2d Cir. 1986).................................................................................................24

*Savattere v. Subin Assocs., P.C.,*
   261 A.D.2d 236 (1st Dep't 1999)...................................................................................19

*Seldon v. Bernstein,*
   503 Fed. Appx. 32 (2d Cir. 2012) ..............................................................................20, 21

*Sharp v. Bivona,*
   304 F. Supp. 2d 352 (E.D.N.Y. 2004)..........................................................................13

*Sharp v. State of New York,*
   2007 U.S. Dist. LEXIS 63539 (E.D.N.Y. 2007) ..........................................................13

*Sheila C. v. Povich,*
   11 A.D.3d 120, 130 (1st Dept 2004)..............................................................................22

*Solow Management Corp. v. Selzer,*
   18 A.D.3d 399 (1st Dep't 2005)....................................................................................18

*Specialized Indus. Servs. Corp. v. Carter,*
   68 A.D.3d 750 (2d Dept. 2009)......................................................................................21

*Strumwasser v. Zeiderman,*
   102 A.D.3d 630, 631 (1st Dep't 2013)...........................................................................20

*Swiatkowski v. Citibank,*
   446 F. App'x 360, 361(2d Cir. 2011) ............................................................................12

*Vietnam Ass'n for Victims of Agent Orange v. Dow Chem. Co.,*
   517 F.3d 104, 115 (2d Cir. 2008)..................................................................................15

**Statutory Authorities**

28 U.S.C. § 1257.................................................................................................................11
28 U.S.C. §1332.................................................................................................................10
N.Y. Jud. Law § 487..........................................................................................................17

**Rules and Regulations**

Fed. R. Civ. P. 12(b)(6)......................................................................................................14
Fed. R. Civ. P. 9(b)............................................................................................................15

This Memorandum of Law is respectfully submitted on behalf of Lewis Brisbois Bisgaard and Smith, LLP, Mark K. Anesh, Esq. and Jamie R. Wozman, Esq. (hereinafter "LBBS Defendants"), in support of their motion to dismiss the complaint of pro se plaintiff James H. Brady ("Plaintiff"), with prejudice, pursuant to Rules 12(b)(1), 12(b)(6) and 9(b) of the Federal Rules of Civil Procedure.

## PRELIMINARY STATEMENT

This completely meritless Complaint, annexed to the Declaration of Jamie R. Wozman ("Wozman Declaration") as Exhibit A, is one of ten harassing and baseless legal actions commenced by Plaintiff related to air rights in which he erroneously continues to claim ownership. Plaintiff asserts that the LBBS Defendants committed various tortious acts in connection with the defense of their clients, in one of the many now dismissed frivolous lawsuits commenced by Plaintiff in New York Supreme Court. That litigation, discussed below, as well as nine other actions commenced by Plaintiff in state court and this Court, concerned Plaintiff's commercial cooperative and his legally unsound claim that he owns the air rights appurtenant to his cooperative unit. In addition to asserting tort claims against the LBBS Defendants, the Complaint asks this Court to vacate a July 15, 2014 state court decision. As explained below, the LBBS Defendants represented certain defendants in one of the two actions in which the July 15, 2014 decision was issued.

Read in its entirety, the Complaint is merely the latest in a series of challenges by Plaintiff to the outcome and reasoning of the July 15, 2014 state court decision, and a decision rendered in Plaintiff's 2007 state court action. Notably, not one court has ever ruled in Plaintiff's favor in any of the related lawsuits. The instant Complaint is subject to dismissal for lack of subject matter jurisdiction, based upon the lack of diversity of citizenship and the Rooker-

Feldman doctrine. *See Argument, Part I infra*. The Complaint is also barred by principles of collateral estoppel. *See Argument, Part II, infra*. Finally, the Complaint fails to state a valid claim on which relief can be granted. *See Argument, Part III, infra.*

As explained below, as a result of Plaintiff's endless vexatious litigation, Plaintiff has been sanctioned by the New York state court. Moreover, Plaintiff's endless frivolous state court filings have appropriately resulted in a November, 2015 order which barred plaintiff from initiating any further litigation as a party plaintiff without prior approval of the Administrate Judge of the court in which Plaintiff seeks to bring a further action. It is respectfully submitted that this Court should similarly bar Plaintiff from commencing any further actions in this Court related to the air rights giving rise to this action and the nine other action discussed below.

## STATEMENT OF FACTS

**A.    Summary of Prior and Ongoing Court Litigation Commenced By Plaintiff Related to His Commercial Cooperative's Air Rights**

1.    The 2007 State Court Action

On November 13, 2007, Plaintiff and his wife, Jane Brady, filed suit against 450 West 31st Owners Corp. ("Owners Corp.") in Supreme Court, New York County. *Brady v. 450 West 31st Street Owners Corp.* Index No. 60347/07. The Bradys, owners of a commercial cooperative unit on the 12th floor of the building at 450 West 31st Street in the Hudson Yards district of Manhattan, sought to enjoin the sale of the building's transferable development rights ("air rights") by Owners Corp. to an adjacent property's owner.

In a decision and order dated July 2, 2008, Justice Marcy S. Friedman granted summary judgment against the Bradys and dismissed the complaint. In relevant part, Justice Friedman held that Owners Corp. "is the owner of, and has the right to transfer," the air rights, and that the cooperative offering plan did not "convey or reserve" the air rights to Plaintiff, though Plaintiff

did have the right "to construct or extend structures upon the roof." *Brady v. 450 West 31st Street Owners Corp.*, 2008 N.Y. Misc. LEXIS 9943, at *4 (Sup. Ct. N.Y. Cnty. July 2, 2008) (a copy of the July 2, 2008 decision is annexed to the Wozman Declaration at Exhibit B).

On the Bradys' motion for reargument, the Supreme Court adhered to its original decision. *Brady v. 450 West 31st Owners Corp.*, 2009 N.Y. Misc. LEXIS 4590, at *6-7 (Sup. Ct. N.Y. Cnty. March 13, 2009)(a copy of the March 13, 2009 decision is annexed to the Wozman Declaration at Exhibit C). Justice Friedman reiterated that:

> …contrary to plaintiff's contention, this court's holding that [the co-op corporation] owns and controls the [transferrable development rights] does not abrogate plaintiff's right to construct structures on or above the roof...It is well-settled that a right to maintain or construct roof-top structures may co-exist with the transfer of development rights. [citation omitted]. *Id.*

On appeal, the Appellate Division, First Department, unanimously affirmed, holding that the cooperative offering plan "contains no express language giving plaintiffs ownership of or veto power over the building's development rights or air rights." *Brady v. 450 31st Owners Corp.*, 70 A.D.3d 469, 470 (1st Dep't 2010)(a copy of the First Department decision is annexed to the Wozman Declaration at Exhibit D). To the contrary, the Appellate Division held that the offering plan gave the Bradys the right to "construct or extend structures on the roof that may be built without the use of the building's development rights." *Id.* Plaintiffs request to appeal to the New York Court of Appeals was denied. *Brady v. 450 31st Owners Corp.*, 15 N.Y.3d 710 (2010), reargument denied, 2011 N.Y. LEXIS 32 (Jan. 11, 2011).

2.   The 2013 State Court Actions

In 2013, Plaintiff filed two more state court actions in Supreme Court, New York County against Owners Corp. and numerous other defendants, once again claiming the right to control the cooperative's air rights. *Brady v. 450 West 31st Street Owners Corp.*, Index No.

157779/2013; *Brady v. Katz*, Index No. 6542226/2013.  The LBBS Defendants represented four

defendants in the first of the two 2013 state court actions.

In a decision and order dated July 15, 2014, which will hereinafter be referred to as "the

July 15, 2014 Dismissal Order," Justice Shirley Werner Kornreich dismissed both of the 2013

state court actions on collateral estoppel grounds. *Brady v. 450 West 31st Street Owners Corp.*,

*Brady v. Katz*, 2014 N.Y. Misc. LEXIS 3193, at * 14-15 (Sup. Ct. N.Y. Cnty. July 15, 2014)(a

copy of the July 15, 2014 decision is annexed to the Wozman Declaration at Exhibit E).  Justice

Kornreich found:

> …Plaintiff cannot maintain any cause of action based on the co-
> op's conveyance of air rights or the inspection of an easement,
> since a prior judgment of the Court affirmed on appeal has held
> that the co-op is entitled to do the former…*Id.*

Justice Kornreich further found that Plaintiff "acted in bad faith" in bringing the 2013

actions, "dragging more than twenty parties into court to litigate matters that have already been

determined and claims that lack any substance." *Id*. at *22. The court described the action as "a

near perfect example of frivolous conduct," imposed attorneys' fees as a sanction, and referred

the matter to a special referee for the calculation of fees. *Id*. at *23. Plaintiff's motion for leave to

appeal to the Court of Appeals was denied, *Brady v. Katz*, *Brady v. 450 West 31st Street Owners

Corp.*, 25 N.Y.3d 979 (2015), *as was his motion for reargument*, 25 N.Y.3d 1181 (2015).

3.    The First 2015 Federal Court Action

On March 25, 2015, Plaintiff filed a civil action in this Court naming the New York State

Commission on Judicial Conduct, New York County District Attorney Cyrus R. Vance, the New

York State Attorney General, and New York Governor Andrew M. Cuomo as defendants. *Brady

v. New York State Conlin 'n on Judicial Conduct*, S.D.N.Y. No. 15 Civ. 02264 (WHP). That

action sought $400 million in compensatory and punitive damages, alleging that the defendants

violated Plaintiff's federal equal protection and substantive due process rights, engaged in a criminal conspiracy, and other claims by failing to perform their duties and take appropriate action against the New York state judiciary for rendering legal decisions defrauding Plaintiff of his air rights.

On April 17, 2015, the New York Attorney General's office submitted a pre-motion letter, noting numerous deficiencies in the complaint.  On April 24, 2015, Plaintiff filed a voluntary dismissal without prejudice, which District Judge William H. Pauley "So-Ordered" on April 29, 2015.

4.      The 2015 Court of Claims Proceedings

By complaints dated May 1, 2015 and June 9, 2015 respectively, Plaintiff brought claims in the New York State Court of Claims against the New York Attorney General, the New York Commission on Judicial Conduct, the Office of New York Governor Andrew Cuomo, and New York State. *Brady v. The State of New York, et. al.*, Claim Nos. 126067, 126268.  In the Court of Claims, Plaintiff again challenged the state court justices' interpretation of the cooperative's offering plan regarding the disputed air rights. Plaintiff accused the defendants therein, including the New York Attorney General's Office, of "refus[ing] to take any action to protect me." Plaintiff asserted a claim for violation of the Equal Protection Clause of the Fourteenth Amendment, as well as several state law tort claims.

On or about July 16, 2015, the defendants therein moved to dismiss the claims brought by Plaintiff in the Court of Claims.  By decision and order dated October 23, 2015, the motions to dismiss were granted in their entirety.  A copy of the October 23, 2015 Decision and Order is annexed to the Wozman Declaration at Exhibit F.

5. <u>The 2015 State Court Action</u>

On or about May 25, 2015, **Plaintiff commen**ced another action in state court in Supreme Court, New York County.  That action was against the New York County District Attorney and the City of New York.  *Brady v. New York County District Attorney, et. al.*, Index No. 154496/15.  That action was prompted by the previously discussed state court actions.  It alleged that the City of New York and the New York District Attorney's Office's failure to investigate the Supreme Court Justices that presided over the 2008 state court action and the 2013 state court actions, amounted to gross negligence, willful misconduct, prima facie tort, intentional infliction of emotional distress and a violation of Plaintiff's civil rights under 42 USC § 1983.

On or about May 27, 2015, the defendants therein moved to dismiss the complaint.  By decision dated November 23, 2015 (Exhibit G to the Wozman Declaration), the court dismissed the action on the ground that the District Attorney enjoyed absolute immunity.  In addition to dismissing the action, the Court *sua sponte* issued a protective order prohibiting Plaintiff from initiating any further litigation as a party plaintiff without prior approval of the Administrative Judge.  The Court's decision with respect to the protective order was as follows:

> "[A] litigious plaintiff pressing a frivolous claim can be extremely costly…and can waste an inordinate amount of court time, time that this court and the trial courts can ill afford to lose.  Thus, when, as here, a litigant is abusing the judicial process by hagriding individuals solely out of ill will or spite, equity may enjoin such vexatious litigation" (citation omitted]).   Given plaintiff's pattern of vexatious conduct and repetitive litigation, including his penchant to inflict hagride on those who do not do his bidding, this court shall <u>sua sponte</u> issue a protective order prohibiting plaintiff from initiating any further litigation as party plaintiff without prior approval of the Administrative Judge of the court in which he seeks to bring a further motion or commence an action…

Plaintiff's motion to reargue Justice Chen's decision was denied by order dated January 8, 2016.

6.      The November, 2015 Federal Court Action

On or about November 20, 2015, plaintiff commenced his second action in this Court. *Brady v. Schneiderman, Attorney General for the State of New York*, S.D.N.Y., 15-cv-09141 (RA). That action, brought against Eric Schneiderman, Attorney General for the State of New York, asserts that the Attorney General violated Plaintiff's equal protection rights by failing to investigate certain rulings in the state court actions discussed above. Plaintiff asked this Court to issue a "Mandatory Injunction" compelling the Attorney General to "investigate why" the New York state courts sanctioned Plaintiff in the prior litigation, and to "ask the Justices why" they held that Plaintiff does not own the disputed air rights above the cooperative.

On or about January 21, 2016, the Attorney General moved to dismiss the complaint, arguing that this Court lacks subject matter jurisdiction; that the action is barred by the doctrine of collateral estoppel; and that the complaint fails to state a claim upon which relief can be granted. The motion to dismiss is currently pending.

7.      The April 2016 Federal Court Action

On or about April 11, 2016, Plaintiff filed yet another action in this Court. *Brady v. Associated Press, et. al.*, S.D.N.Y. 16-cv-2693 (GBD-KNF). In that action, Plaintiff alleges that the various defendant news organizations are liable to Plaintiff for failing to report on the alleged corruption related to the sale of the air rights at issue in each case discussed above. Plaintiff seeks a court order forcing the defendants to investigate and publish a story about his conspiracy claims. The complaint purports to assert causes of action sounding in aiding and abetting conspiracy, Section 1983, conspiracy against rights, and willful misconduct and gross

negligence.   Earlier this month the defendants therein moved to dismiss the complaint in its entirety.   The motions are currently pending.

**B.       The Allegations In the Subject Complaint**

The subject Complaint, asserted against ten lawyers and their respective firms, arises out of the Defendants' defense of their respective clients in the 2013 state court actions discussed above.   The LBBS Defendants represented two individually named lawyers and their respective law firms in the first of the two 2013 state court actions, *Brady v. 450 West 31st Street Owners Corp.*

The Complaint herein alleges that the Defendants' strategy in defending their clients in the 2013 state court actions "was to commit fraud on the court."   Compl. ¶ 57.   Plaintiff identifies these acts of fraud as certain legal arguments raised by the Defendants in support of their respective clients' motions to dismiss.   Plaintiff alleges that the Defendants' legal argument that Plaintiff lost the 2007 state court litigation was an act of fraud.   Plaintiff further alleges that the Defendants' argument that the 2007 state court litigation was about the ownership of the cooperative's air rights was an act of fraud and that the Defendants' reference in their moving papers to a website Plaintiff created disparaging New York state court judges was an act of fraud.   Compl. ¶ 57.

The Complaint purports to assert four causes of action.   Count One seeks to vacate the July 15, 2014 Dismissal Order pursuant to Fed.R.Civ.P. Rule 60 on the ground that it was the result of fraud.   Compl. ¶ 82.   Plaintiff alleges that "Defendants presented the February 11, 2010 decision as proof that Plaintiff had lost the prior litigation, which was a fraud as they knew it was untrue."   Compl. ¶ 86.

Count Two asserts a violation of New York Judiciary Law § 487.  This cause of action alleges, "Comparing Defendants multiple court papers in multiple courts, where they asserted res judicata barred Plaintiff's claims, with what they said at the March 18, 2014 Oral Arguments, where, under oath, each named Defendant admitted that the contract and Appellate Division decision gave Plaintiff the right to utilize the premises development rights, prove their fraud upon the court and deceit."  Compl. ¶ 92.

Count Three purports to sound in fraud.  Plaintiff alleges that the Defendants' fraud includes the Defendants' presentment of the 2010 First Department decision as evidence that Plaintiff had lost the prior litigation.  Compl. ¶ 95.

Finally, the Fourth Count purports to sound in intentional infliction of emotional distress. This claim alleges that Plaintiff has suffered for nine years as "attorneys and their clients conspired and colluded with New York state judges to deny" him what was rightfully his, the air rights appurtenant to the subject cooperative.  Compl. ¶ 99.  Plaintiff alleges that "living with the constant threat of losing everything and becoming homeless, all because of unnecessary litigation, is extreme and outrageous behavior meant to inflict emotional distress."   Compl. ¶ 100.

As to Plaintiff's specific claims against the LBBS Defendants, the Complaint cites a portion of the affidavit of Defendant Mark K. Anesh, Esq. submitted in support of his clients' pre-answer motion to dismiss in the first 2013 state court action.  The cited portion references the disciplinary grievance Plaintiff filed against Supreme Court Justice Marcy Friedman and the website Plaintiff created which disparaged state court judges.  Compl. ¶ 59.  Plaintiff similarly cites a portion of the memorandum of law submitted by the LBBS Defendants in support of their clients' pre-answer motion to dismiss in the first of the two 2013 state court actions.  The

motion, signed by Defendant Jamie R. Wozman, Esq. references Plaintiff's website attacking New York state court judges. *Id.* Plaintiff also cites to statements made by Defendant Anesh during the March 18, 2014 oral argument before Justice Shirley Werner Kornreich in the two 2013 state court actions. In the quoted excerpt, Defendant Anesh discussed his understanding of how Plaintiff might be permitted to build a structure on the roof of the subject cooperative and of the decisions in the 2007 state court action. Compl. ¶ 59. The last specific mention of the LBBS Defendants in the Complaint is at paragraph seventy-two. There, Plaintiff quotes a paragraph from the Affirmation of Defendant Wozman submitted in opposition to Plaintiff's motion seeking permission to file a late appeal before the Appellate Division, First Department. The quoted portion of the affirmation states that Plaintiff's motion is meritless and that it simply repeats the losing arguments Plaintiff raised dozens of times before. The Complaint makes no other specific mention of the LBBS Defendants.

## ARGUMENT

### I.  THE ACTION SHOULD BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION

In reviewing a motion to dismiss under Rule 12(b)(1), the court "must accept as true all material factual allegations in the complaint, but we are not to draw inferences from the complaint favorable to plaintiffs." *J.S. v. Attica Cent. Schs.*, 386 F.3d 107, 110 (2d Cir. 2004) (citation omitted). "The plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005).

### A.  The Complaint Fails to Adequately Allege Complete Diversity of Citizenship

28 U.S.C. §1332 confers subject matter jurisdiction where there is complete diversity between plaintiff and defendants. Here, the Complaint does not allege the citizenship of any of

the individual defendants, and this omission alone is ground for dismissal.  Additionally, several of the defendant law firms are alleged to be limited liability partnerships.  Compl. ¶¶ 9-16. Where a defendant is a limited liability partnership, the Complaint must allege the citizenship of each of the members of each limited partnership in order to establish diversity.  *See, e.g., Prospect Funding Holdings, LLC v. Fennell*, 2015 U.S. Dist. LEXIS 92695 (2015), *In re: Bank of Am. Corp. Sec. Derivatives and ERISA Litig.*, 757 F.Supp.2d 260, 334 (S.D.N.Y. 2010), *Mackeson v. Diamond Fin. LLC.*, 347 F.Supp.2d 53, 56 (S.D.N.Y. 2004).  Rather than allege, as required, facts showing that no member of any defendant law firm is a citizen of New Jersey, the Complaint merely alleges the principal place of business of the firms.  Thus, Plaintiff has not adequately pleaded subject matter jurisdiction.

**B.      The Rooker-Feldman Doctrine Bars This Action**

Plaintiff's Complaint is also jurisdictionally barred by the Rooker-Feldman doctrine.  The doctrine precludes the lower federal courts from reviewing state-court judgments. *See Dist. Of Columbia Court of Appeals v. Feldman*, 460 U.S. 462,482-86 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 415-16 (1923).

The Rooker-Feldman doctrine holds that "federal district courts lack jurisdiction over suits that are, in substance, appeals from state-court judgments." *Hoblock v. Albany Cnty. ltd. of Flees.*, 422 F. 3d 77, 84 (2d Cir. 2005). "The doctrine reflects the principle set forth in 28 U.S.C. § 1257 that the Supreme Court is the only federal court that has jurisdiction to review state court judgments. .. unless otherwise provided by Congress." *Kropelnieki V. Siegel*, 290 F.3d 118, 128 (2d Cir. 2002). *See also Ad. Coast Line R.R. Co. v. Bhd. of Locomotive Eng r.v*, 398 U.S. 281, 296 (1983) (holding that the "lower [federal] courts possess no power whatever to sit in direct review of state court decisions"). As the Supreme Court has explained, Rooker-Feldman bars

federal district courts from hearing cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic India. Corp.*, 544 U.S. 280, 284 (2005).

Federal courts do not have jurisdiction to review state court decisions even if the plaintiff alleges the state court's action was unconstitutional. *Id.* at 292. This Complaint satisfies all four factors identified in *Exxon Mobil* for the application of the Rooker-Feldman doctrine: (1) Plaintiff lost in state court; (2) his alleged injuries—the loss of his asserted air rights and his obligation to pay sanctions — were caused by the state courts' orders; (3) the state court rendered its determinations before this action was commenced; and (4) **Plaintiff** challenges the state courts' decisions. *See Edmund v. Spitzer*, 204 Fed. App'x 95, 2006 U.S App LEXIS 27919, at \*34 (2d Cir. 2006).

Plaintiff cannot avoid the jurisdictional bar of Rooker-Feldman by claiming that he seeks an explanation of the state court decisions, rather than their reversal. *See Swiatkowski v. Citibank*, 446 F. App'x 360, 361 (2d Cir. 2011) (Rooker-Feldman barred mortgagor's claim that depended upon the invalidity of a state court foreclosure judgment, where "a decision in [plaintiff's] favor would effectively amount to declaring the state court judgment fraudulently procured and thus void"); *Edmund v. Spitzer*, 2006 U.S. App. LEXIS 27919, at \*4 (Rooker-Feldman bared procedural challenges that were "inextricably intertwined" with state court's judgment on the merits); *Best v. Bank of America*, No. 2015 U.S. Dist. LEXIS 116178 (E.D.N.Y 2015) (Rooker-Feldman barred claims that, "though couched in varying legal theories and causes of action, ... essentially asked this Court to review and reject" state court rulings).

Indeed, federal courts have relied on Rooker-Feldman to bar challenges to the conduct of the Attorney General and his predecessors in cases that are factually intertwined with prior state court determinations. As the Court explained in one such case:

> There is no doubt that the plaintiff's claims for constitutional and civil rights violations and fraud arise from her matrimonial proceedings and could have been raised in state court. "The fact that [a] plaintiff alleges that the state court judgment was procured by fraud does not remove his claims from the ambit of Rooker-Feldman."

*Sharp v. State of New York*, 2007 U.S. Dist. LEXIS 63539, at *20-21 (E.D.N.Y. 2007) (quoting *Sharp v. Bivona*, 304 F. Supp. 2d 352, 363 (E.D.N.Y. 2004) (additional citations omitted)). *See also Edmund v. Spitzer*, 2005 U.S. Dist. LEXIS 44989 (E.D.N.Y. 2005); *Jones v. Cawley*, 2010 U.S. Dist. LEXIS 112224 (N.D.N.Y. 2010).

Here, as in *Sharp*, it is immaterial that Plaintiff alleges wrongdoing or "collusion" by the state court judges in the prior litigation:

> Indeed, even if the orders by the state court were wrongfully procured, as the plaintiff alleges, the orders remain[] in full force and effect until they are reversed or modified by an appropriate state court. Put simply, the plaintiff cannot enter through the back door to evade the Rooker-Feldman doctrine in order to get into federal court.

*Sharp*, 2007 U.S. Dist LEXIS 63539, at *20- 21 (internal citation omitted). In sum, a plaintiff "cannot make an end run around the Rooker-Feldman doctrine and into federal court ... through the mere assertion of new and baseless claims to supplement the old." *Id.* at *21 (quoting *Goldberg v. Roth*, 2001 U.S. Dist. LEXIS 20932, at *15-6 (S.D.N.Y. Dec. 17, 2001)).

Pursuant to the above controlling case law, and the fact that all of the injuries alleged by Plaintiff in the Complaint arise out of the state court judgment Plaintiff is seeking to vacate, this Court lacks subject matter jurisdiction over the instant suit, requiring its dismissal.

## II.    THIS ACTION IS BARRED BY COLLATERAL ESTOPPEL

The legal doctrine of collateral estoppel (issue preclusion) bars Plaintiff's claims to the extent that he seeks to investigate and ultimately vacate the state court's findings against him.

Collateral estoppel "bars consideration of an issue when (1) the issue in question was actually and necessarily decided in a prior proceeding, and (2) the party against whom [issue preclusion] is asserted had a full and fair opportunity to litigate the issue in the first proceeding:" *DePrima v. City of New York Dept of Ethic.*, 2014 U.S. Dist. LEXIS 37866, at \*20 (E.D.N.Y. Mar. 20, 2014) (quoting *Dolan v. Roth*, 170 F. App'x 743, 746 (2d Cir. 2006) (internal citation and quotation marks omitted)).

Plaintiff is ultimately challenging — with the apparent goal of setting aside — the state courts' determinations that he did not own the air rights above the cooperative building, and that he committed frivolous litigation conduct, warranting sanctions. Plaintiff fully litigated these matters in state court, including his appeal of the air rights decision to the Appellate Division, First Department, and was unsuccessful. *See Brady*, 70 A.D.3d at 470, 894 N.Y.S.2d at 417 (affirming summary judgment against Plaintiff on air rights claim); *Brady*, 2014 N.Y. Misc. LEXIS 3193, at \*1 (imposing sanctions). Pursuant to the doctrine of collateral estoppel, Plaintiff cannot now relitigate the same issues before this Court. Thus, the Complaint should be dismissed on this additional ground.

## III. THE COMPLAINT FAILS TO STATE A CLAIM

The Complaint is subject to dismissal for failure to state a claim on which relief can be granted. Fed. R. Civ. P. 12(b)(6).

A.      **Legal Standards**

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the claim

stated in the complaint. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  To survive a Rule 12(b)(6)

motion to dismiss, a complaint must have pleaded "enough facts to state a claim to relief that is

plausible on its face." *Ruotolo v. City of New York*, 514 F.3d 184, 188 (2d Cir. 2008)(quoting

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). The Court "must accept as true all allegations

in the complaint and draw all reasonable inferences in favor of the non-moving party." *Vietnam*

*Ass'n for Victims of Agent Orange v. Dow Chem. Co.*, 517 F.3d 104, 115 (2d Cir. 2008).

However, a case will not be allowed to proceed absent "a complaint with enough factual matter

(taken as true) to suggest the required element." *Twombly*, 550 U.S. at 556. A "plaintiff's

obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action will not do . . ." *Id.* at

555 (citation omitted).

B.      **The Complaint Fails to State a Valid Cause of Action for Fraud**
        **Against the LBBS Defendants**

Under New York law, fraud requires proof of (1) a material misrepresentation or

omission of a fact, (2) knowledge of that fact's falsity, (3) an intent to induce reliance, (4)

justifiable reliance by the plaintiff, and (5) damages. *Eurycleia Partners, LP v. Seward & Kissel,*

*LLP*, 12 N.Y.3d 553, 559, (2009); *see Lama Holding Co. v. Smith Barney*, 88 N.Y.2d 413, 421,

(1996).

At the pleading stage, to withstand a Rule 12(b)(6) challenge in federal court, a plaintiff

must "assert facts that plausibly support the inference of fraud." *Cohen v. S.A.C. Trading Corp.*,

711 F.3d 353, 360 (2d Cir. 2013).  Additionally, a plaintiff must satisfy the heightened pleading

standard set forth in Rule 9(b), which reads:

> In alleging fraud or mistake, a party must state with particularity
> the circumstances constituting fraud or mistake. Malice, intent,
> knowledge, and other conditions of a person's mind may be alleged
> generally. Fed. R. Civ. P. 9(b).

Rule 9(b) places two further burdens on a plaintiff asserting a fraud claim—the first goes to the pleading of the circumstances of the fraud, the second to the pleading of the defendant's mental state. As to the first, the Second Circuit has held that the complaint must "(1) detail the statements (or omissions) that the plaintiff contends are fraudulent, (2) identify the speaker, (3) state where and when the statements (or omissions) were made, and (4) explain why the statements (or omissions) are fraudulent." *Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y.*, 375 F.3d 168, 187 (2d Cir. 2004) (internal quotation marks omitted). As to the second, though mental states may be pleaded "generally," plaintiffs must nonetheless allege facts "that give rise to a strong inference of fraudulent intent." *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 290-91 (2d Cir. 2006).

The Complaint overwhelmingly fails to adequately plead a cause of action for fraud against the LBBS Defendants. First, the Complaint is bare of any facts tending to show that the LBBS Defendants made a misrepresentation or omission to him. Rather, the Complaint alleges that misrepresentations were made by the LBBS Defendants to the court in the first 2013 state court action. On that ground and that ground alone, the Complaint fails to state a cause of action for fraud as a matter of law.

Assuming, arguendo, that a misrepresentation to the Court and not the Plaintiff is sufficient, the LBBS Defendants did not make any misrepresentations. The statements attributed to the LBBS Defendants are set forth above. In sum, Plaintiff complains that the LBBS Defendants advised the court that Plaintiff lost the 2007 state court action and that Plaintiff created a website which sole purpose is to disparage state court judges. Indeed, these are not

misrepresentations.  Even a cursory review of the trial court and appellate court decisions in the 2007 action (Wozman Declaration at Exhibits B and C) plainly demonstrates that Plaintiff did not prevail in the 2007 state court action.  Moreover, it is irrefutable that Plaintiff created a website, http://www.bullyjudges.com, devoted to attacking New York state court judges.  Thus, Plaintiff has not alleged the requisite material misrepresentation element of his fraud claim.

Plaintiff's fraud claim fails on the additional ground in that the Complaint is bare of any facts that give rise to a strong inference of fraudulent intent on the part of the LBBS Defendants. At all relevant times, the LBBS Defendants were acting in their capacity as counsel to their clients, who were named defendants in the first of the two 2013 state court actions.  The LBBS Defendants were simply advocating on behalf of their clients and seeking the dismissal of a lawsuit that had no legal basis.

Dismissal of Plaintiff's fraud claim is further warranted because there are no allegations in the Complaint that Plaintiff justifiably relied upon any alleged misrepresentations made by the LBBS Defendants.  Rather, Plaintiff alleges that misrepresentations were made to the court in the first of the two 2013 state court actions.

Lastly, Plaintiff's fraud claim fails on the additional ground that the Complaint does not set forth facts tending to show that the Plaintiff sustained any damages as a result of the purported misrepresentations.

As demonstrated above, Plaintiff has overwhelmingly failed to state a cause of action sounding in fraud, requiring dismissal of Count Two of the Complaint.

**C.      The Complaint Fails to Allege a Violation of New York Judiciary Law Section 487**

Judiciary Law Section 487 allows an injured party to recover treble damages from an attorney who "is guilty of any deceit or collusion, or consents to any deceit or collusion, with intent to deceive the court or any party . . .".  To state a Section 487 claim, a plaintiff must plead

with the requisite particularity facts which tend to show: (1) an intent to deceive the court or a party; (2) a chronic and extreme pattern of delinquent conduct; and (3) consequential damages. *Dinhofer v. Med. Liab. Mut. Ins. Co.*, 92 A.D.3d 480 (1st Dep't 2012). Even where a plaintiff alleges misrepresentations by the attorney defendant, Section 487 "provides recourse only where there is a chronic and extreme pattern of legal delinquency." *Solow Management Corp. v. Selzer*, 18 A.D.3d 399 (1st Dep't 2005)(citations omitted). *See also*, *Kaminsky v. Herrick, Feinstein LLP*, 59 A.D.3d 1, 13, (1st Dep't 2008).

A violation of Section 487 does not occur when an attorney is advocating on behalf of his or her client, unless the attorney has engaged in egregious professional misconduct.

> By confining the reach of the statute to intentional egregious misconduct, this rigorous standard affords attorneys wide latitude in the course of litigation to engage in written and oral expression consistent with responsible, vigorous advocacy, thus excluding from liability statements to a court that fall well within the bounds of the adversarial proceeding. Under this threshold, an action grounded essentially on claims that an attorney made meritless or unfounded allegations in state court proceedings would not be sufficient to make out a violation of § 487.

*O'Callaghan v. Sifre*, 537 F. Supp.2d 594, 596 (S.D.N.Y. 2008) (citation and internal quotation marks omitted).

Plaintiff's claim is predicated on arguments that he disagrees with but which were credited by the court in the underlying proceeding. In *Amalfitano v. Rosenberg*, 12 N.Y.3d 8, (2009), the lawyer engaged in deceit because he submitted falsified documents to the court and made representations about his own client that he knew to be false. Similarly, in *Savattere v. Subin Assocs., P.C.*, 261 A.D.2d 236 (1st Dep't 1999), the attorneys deceived plaintiffs into submitting to genetic testing by intentionally misrepresenting a court order, falsely advising the court that plaintiffs had consented to the testing, and colluding with a paternity petitioner to

change custody in order to receive a higher fee. *See also, Trepel v. Dippold*, 04 Civ. 8310, 2005 U.S. Dist. LEXIS 8541, *6 (S.D.N.Y. May 9, 2005) (dismissing claim based on attorney's correspondence to defendant client's landlord misrepresenting that there was no court order restraining defendant from removing his property from apartment); *Kurman v. Schnapp*, 73 A.D.3d 435 (1st Dep't 2010) (attorney was alleged to have attempted to deceive the court by drafting a fictitious letter from the City Taxi and Limousine Commission stating that plaintiff was banned from owning a taxi license).

The instant case involves alleged conduct that falls far short of the deceitful acts of the attorneys in those cases. Plaintiff does not identify any material misstatements or concealment of material facts by the LBBS Defendants. The Complaint does not allege with the requisite particularity that either the New York Supreme Court or plaintiff was actually deceived by any of the cited conduct or that the conduct was committed with an intent to deceive. This alone compels the dismissal of this claim. There is simply no indicia of fraud or factual basis from which to infer that fraudulent conduct may have occurred.

*Curry v. Dollard*, 52 A.D.3d 642 (2d Dep't 2008), is illustrative of why Plaintiff's claims should not be entertained. There, plaintiff argued that the defendant attorneys had violated Section 487 by advancing an interpretation of qualified domestic relations order (QDRO) in a matrimonial action that the plaintiff disputed. The Appellate Division, Second Department, held that "since the defendants were advocating a reasonable interpretation of the QDRO most favorable to their clients . . . their conduct cannot fairly be considered deceitful or fraudulent." 52 A.D.3d at 644 (internal citation omitted).

The LBBS Defendants herein cannot be found to have engaged in deceitful conduct by virtue of their advocacy for their clients which in no way misled the court and which was based

on the prevailing interpretation of the law. Since "New York does not readily assume such intent [to deceive] from conduct falling 'well within the bounds of the adversarial proceeding,'" and there is no basis to assume such intent here, dismissal is required. *Haggerty v. Ciarelli & Dempsey*, 374 Fed. Appx. 92, 93-94 (2d Cir. 2010) (citations omitted). *See also, Lazich v. Vittoria & Parker*, 189 A.D.2d 753, 754 (2d Dep't 1993) (dismissing Section 487 claim where "all the statements and conduct complained of were well within the bounds of the adversarial proceeding"). And when, as here, the court is apprised as to the parties' arguments and decides which party is right and which is wrong, there is no basis to contend that it was deceived. *Melnitsky v. Owen*, 19 A.D.3d 201 (1st Dep't 2005) (when the court "was fully briefed on the history of the case and on plaintiff's claim that there was law of the case in his favor on the issue of collateral estoppel". . . the court's ruling that there was no such law of the case was not due to any deceit within the meaning of Judiciary Law Section 487).

Furthermore, a claim alleging a violation of Section 487 does not lie unless the plaintiff's damages have been proximately caused by the allegedly actionable conduct. *Strumwasser v. Zeiderman*, 102 A.D.3d 630, 631 (1st Dep't 2013); *Rozen v. Russ & Russ, P.C.*, 76 A.D.3d 965, 968 (2d Dep't 2010); *Michalic v. Klat*, 128 A.D.2d at 506. Plaintiff does not and cannot allege proximate causation of damages attributable to the LBBS Defendants' alleged conduct.

Lastly, Section 487 does not allow an unsuccessful litigant to commence a plenary action against an attorney, where the litigant was aware of the underlying facts while the prior action was pending. Where a party claims that he was the victim of an adverse decision procured by the fraud or deceit of an attorney, the plaintiff's Section 487 claim must be raised in the action in which the deceit occurred, and not in a plenary action. *See, Seldon v. Bernstein*, 503 Fed. Appx.

32 (2d Cir. 2012); *Chibcha Rest. Inc. v. David A. Kaminsky & Assoc. L.P.*, 102 A.D.3d 544 (1st Dept. 2013); *Melnitzky v. Owen*, 19 A.D.3d 201 (1st Dept. 2005).

In *Seldon, supra*, the Second Circuit affirmed dismissal of a Section 487 claim brought in a plenary action, citing *Specialized Indus. Servs. Corp. v. Carter*, 68 A.D.3d 750 (2d Dept. 2009) that "'a party who has lost a case as a result of an alleged fraud or false testimony cannot collaterally attack the judgment in a separate action for damages' against opposing counsel under §487 (citation omitted)."

In sum, Plaintiff's Judiciary Law claim should be dismissed in its entirety because it is clearly barred by several different controlling rationales.  It is evident that the claim, and all claims contained in the Complaint, has not been presented in good faith.

**D.      The Complaint Fails to State a Valid Cause of Action Sounding in Intentional Infliction of Emotional Distress**

Plaintiff's claim for intentional infliction of emotional distress fails because the conduct alleged is not sufficiently outrageous, atrocious, shocking or extreme and because there is no plausible claim that the LBBS Defendants intended to cause Plaintiff emotional distress.  All the statements and conduct complained of were well within the bounds of the adversarial proceeding and were not outrageous or egregious in any way.

To maintain a claim of intentional infliction of emotional distress under New York law, plaintiff must plead facts that tend to show (1) extreme and outrageous conduct, (2) intent to cause severe emotional distress, (3) a causal connection between the conduct and the injury, and (4) severe emotional distress. *Howell v. New York Post Co.*, 81 N.Y.2d 115, 596 N.Y.S.2d 350 (1993). In *Howell*, the New York Court of Appeals noted that "the requirements of the rule are rigorous, and difficult to satisfy"; that "of the intentional infliction of emotional distress claims considered by [the New York Court of Appeals], every

one has failed because the alleged conduct was not sufficiently outrageous"; and that "[l]iability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." 81 N.Y.2d at 122 (internal citation and quotation marks omitted).

A claim for intentional or negligent infliction may be stated only when the pleader can allege extreme and outrageous conduct which so transcends the bounds of decency as to be regarded as atrocious and intolerable in civilized society.   *Doe v. American Broadcasting Companies*, 152 A.D.2d 482 (1st Dep't 1989); *Sheila C. v. Povich*, 11 A.D.3d 120, 130.(1ˢᵗ Dept 2004).

In *Fischer v. Maloney*, 43 N.Y.2d 553, 557 (1978), the Court of Appeals declared:

> 'One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress. .' [Restatement of Torts] (' 46 sub. [1]; see for one aspect comment d:)  Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency and to be regarded as atrocious, and utterly intolerable in a civilized community.

A complaint will be dismissed when, as here, it does not specifically plead conduct that so transcends the bounds of decency. *Rohrlich v. Consolidated Bus Transit, Inc., supra,* 15 A.D.3d at 562.  Furthermore, claims for intentional infliction of emotional distress based upon statements made in a lawsuit have been summarily dismissed. *Kaye v. Trump,* 58 A.D.3d 579, 580, (1st Dep't 2009) ("[S]tatements and actions occurred in the context of adversarial litigation and therefore cannot provide a foundation for the [intentional infliction of emotional distress] claim."); *Yalkowsky v. Century Apartments Associates*, 215 A.D.2d 214, (1st Dep't 1995) ("A

claim for intentional infliction of emotional distress based upon allegations involving statements and actions in the context of adversarial litigation must be dismissed.").

Plaintiff's conclusory allegations that the LBBS Defendants made false arguments in defense of their clients does not approach the requisite level of outrageous conduct. Moreover, the Complaint fails to allege that the LBBS Defendants intended to cause Plaintiff emotional distress or disregarded a substantial probability of emotional distress. The Complaint is bare of any allegation of personal animus or motive directed to Plaintiff; rather, the LBBS Defendants were merely advocating on behalf of their clients. All the statements and conduct attributed to the LBBS Defendants in the Complaint were well within the bounds of the adversarial proceeding and were not outrageous or egregious in any way. Given the foregoing, Plaintiff's intentional infliction of emotional distress claim should be dismissed.

## IV.   DISMISSAL WITH PREJUDICE IS APPROPRIATE AS IS AN INJUNCTION BARRING PLAINTIFF FROM FILING ADDITIONAL LAWSUITS RELATING TO THE SUBJECT MATTER OF THIS LAWSUIT

Finally, because Plaintiff is not dissuaded by the dismissal of all of his frivolous actions and because he has forced the defendants herein, and the defendants in every meritless action he has commenced to incur hundreds of thousands of dollars in legal fees, the Complaint should be dismissed with prejudice, without leave to replead. *Chill v. General Electric Company*, 101 F.3d 263, 271-2 (2d Cir. 1996) (upholding denial of leave to amend fraud complaint based on futility of amendment).

It is respectfully submitted that this Court, like the state court, should issue a filing injunction against the Plaintiff and bar Plaintiff from commencing additional lawsuits relating to the subject matter of this lawsuit. In the 2013 state court actions Justice Kornreich, finding that Plaintiff's position was "frivolous" imposed monetary sanctions against plaintiff totaling more

than $400,000 (Exhibit E to the Wozman Declaration).  In 2015, Justice Chan, also finding that

plaintiff had brought a frivolous claim, imposed a protective order prohibiting plaintiff from

bringing any more actions or motions without leave of the court (Exhibit G to the Wozman

Declaration).  Despite the foregoing, Plaintiff continues to file lawsuit after lawsuit asserting the

same meritless claims to his cooperative's air rights.  Given the foregoing, it is highly likely that,

unless Plaintiff is enjoined, he will file more groundless cases.  Under the circumstances at bar,

there is no question that this Court:

> …may, in its discretion, impose a filing injunction if confronted
> with 'extraordinary circumstances, such as a demonstrate history
> of frivolous and vexatious litigation… [citations omitted].   A
> district court may impose sanctions pursuant to its inherent
> authority even if other procedural rules authorize sanctions as
> well [citations omitted].'

*In re Neroni*, 2015 U.S. App. LEXIS 22040 (2d Cir. 2015).  As the Second Circuit noted in

*Neroni*, the following factors are to be considered in determining whether to impose a filing

injunction:

> (1)    the litigant's history of litigation and in particular whether
> it entailed vexatious, harassing or duplicative lawsuits; (2) the
> litigant's motive in pursuing the litigation, e.g., does the litigant
> have an objective good faith expectation of prevailing?; (3)
> whether the litigant is represented by counsel; (4) whether the
> litigant has caused needless expense to other parties or has posed
> an unnecessary burden on the courts and their personnel; and (5)
> whether other sanctions would be adequate to protect the courts
> and other parties.

(quoting *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986)).  *See, also, Sassower*, 20 F.3d

42, 44 (2d Cir. 1994).

As set forth above, Plaintiff has now commenced ten patently frivolous lawsuits.

Plaintiff has forced dozens upon dozens of litigants to incur hundreds of thousands of dollars to

defend against these meritless claims.  Moreover, these lawsuits have resulted in a significant

waste of judicial resources. Such conduct should not be permitted and instead should be punished. An injunction should be issued barring Plaintiff from commencing any more lawsuits or making any more motions related to his cooperative's air rights.

**CONCLUSION**

For the foregoing reasons, it is respectfully requested that the complaint against Defendants Lewis Brisbois Bisgaard and Smith LLP, Mark K. Anesh, Esq. and Jamie R. Wozman, Esq. be dismissed, with prejudice, for lack of subject matter jurisdiction or, in the alternative, for failure to state a claim on which relief can be granted; and that the Court issue an injunction barring Plaintiff from commencing anymore lawsuits or making any more motions related to the air rights at issue in the Complaint; and grant movants their costs and fees and such other and further relief as is just and proper.

Dated: May 18, 2016

Respectfully submitted,

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

/s/ Jamie R. Wozman
Jamie R. Wozman, Esq.
*Attorneys for Defendants*
*Mark K. Anesh, Esq., Jamie R. Wozman, Esq.*
*and Lewis Brisbois Bisgaard and Smith LLP*
77 Water Street, Suite 2100
New York, New York 10005
T: (212) 232-1300
E: Jamie.Wozman@lewisbrisbois.com