Thomas E. L. Dewey (TD-6243)
Keara A. Bergin (KB-0831)
DEWEY PEGNO & KRAMARSKY LLP
777 Third Avenue
New York, NY 10017
(212) 943-9000
*Attorneys for Defendants Justin Y.K. Chu and Steptoe & Johnson LLP*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAMES H. BRADY,<br><br>                                  Plaintiff,<br><br>              -against-<br><br>JOHN GOLDMAN, ESQ., and JUSTIN SINGER, ESQ., individually and as members of HERRICK FEINSTEIN LLP; DANIEL R. MILSTEIN, ESQ. and STEVEN SINATRA, ESQ., individually and as members of<br>GREENBERG TRAURIG LLP; RICHARD M. ZUCKERMAN, ESQ., individually and as member of DENTONS US LLP; JOSEPH P. AUGUSTINE, ESQ., individually and as member of AUGUSTINE & EBERLE LLP; MARK K. ANESH, ESQ. and JAIME WOZMAN, ESQ., individually and as members of LEWIS BRISBOIS, BISGAARD & SMITH LLP; JUSTIN Y.K. CHU, ESQ., individually and as member of STEPTOE & JOHNSON; and ADAM RICHARDS, ESQ., individually and as member of O'REILLY, STOUTENBERG, RICHARDS, LLP.,<br><br>                                  Defendants. | 16-cv-2287 (GBD) (SN) |

**DEFENDANTS JUSTIN Y.K. CHU AND STEPTOE & JOHNSON LLP'S
MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS THE COMPLAINT
AND JOINDER IN THE MEMORANDA FILED BY OTHER DEFENDANTS IN
<u>SUPPORT OF THEIR MOTIONS TO DISMISS</u>**

Defendants Justin Y.K. Chu and Steptoe & Johnson LLP respectfully submit this memorandum in support of their motion to dismiss with prejudice the complaint of plaintiff James H. Brady ("Complaint" or "Complt."), pursuant to Fed. R. Civ. P. 9(b), 12(b)(1) and 12(b)(6).  For efficiency purposes, Mr. Chu and Steptoe & Johnson LLP respectfully join in, and adopt as if fully set forth herein, the legal arguments set forth in two memoranda of law (and supporting papers) filed by other defendants in support of their motions to dismiss and for additional relief barring future proceedings by plaintiff.[1]  The few additional factual matters specific to Mr. Chu and Steptoe & Johnson LLP, as alleged in the Complaint, will be set forth herein.

The Complaint alleges that Plaintiff has been engaged in over nine years of litigation concerning certain "air rights" he claims that he, and not his co-op building, owns.  (*E.g.,* Complt. ¶ 98; *see also* LBBS MTD Mem. Statement of Facts Section A *and* GT MTD Mem. pp. 3-11 for the procedural history of the numerous lawsuits Plaintiff has filed.)  Despite repeated and varied proceedings in which Plaintiff has advanced these claims, no court has ruled that Plaintiff's alleged "air rights" were infringed or violated by any defendant.  Indeed, Plaintiff has been repeatedly rebuked and sanctioned in response to his litigation campaigns.  In willful disregard of these admonishments, Plaintiff here expands the group of defendants against whom he seeks relief to include lawyers and law firms who, like Mr. Chu and Steptoe & Johnson LLP, appeared as defense counsel to Plaintiff's litigation adversaries in one of his lawsuits.  (*See* Complt. ¶ 56 ("In November 2013, I filed two lawsuits against the clients of named Defendants…."; *see also id.* ¶ 59 (pp. 16 & 19).)

---

[1] *See* ECF Docket Nos. 15-17; 19-22.  The Memorandum filed by Defendants Lewis Brisbois Bisgaard and Smith LLP, Mark K. Anesh and Jaime R. Wozman shall be referred to herein as "LBBS MTD Mem." and the Memorandum filed by Defendants Greenberg Traurig LLP, Steven Sinatra and Daniel R. Milstein shall be referred to herein as "GT MTD Mem."

Other than in the caption, the Complaint specifically mentions Mr. Chu and Steptoe & Johnson LLP only three times:

1. Complt. ¶ 15 (alleging the business address of Mr. Chu and Steptoe & Johnson LLP);

2. Complt. ¶ 60 p. 16 (under the headline "Steptoe and Johnson LLP. Attorneys for Greenberg Traurig LLP. and Deirdre Carson" purporting to quote from the "Memorandum of Law in Support of Greenberg Traurig's Motion to Dismiss, January 15, 2014, page 2"); and

3. Complt. ¶ 60 pp. 19-20 (under the headline "Justin Chu, attorney for Greenberg Traurig LLP", purporting to quote certain questions and answers between the court and Mr. Chu during a March 18, 2014 hearing).[2]

The remainder of Plaintiff's Complaint accuses "lawyers and law firms" or "officers of the court" of various wrongdoing (*e.g.,* Complt. ¶¶ 1, 2, 5), including during many years that predate the time Mr. Chu and Steptoe & Johnson LLP first appeared on behalf of their clients in one of the 2013 proceedings (*compare* Complt. ¶¶ 21-53 (allegations predating the 2013 lawsuit) *with id.* ¶¶ 56, 60 (allegations postdating the filing of the 2013 lawsuit)).

In essence, Plaintiff seeks to hold Mr. Chu and Steptoe & Johnson LLP liable to Plaintiff for filing a motion to dismiss his claims against their clients, a motion the court ultimately—and properly—granted in the July 15, 2015 decision Plaintiff asks this Court to "vacate". (*E.g.,* Complt. ¶ 5 & Ex. H.)  For the reasons set forth in the LBBS MTD Memorandum and the GT MTD Memorandum, Plaintiff's Complaint must be dismissed in its entirety against Mr. Chu and Steptoe & Johnson on the following grounds:

> *First,* the Court lacks subject matter jurisdiction.  The Complaint fails to plead facts establishing complete diversity of citizenship between Plaintiff and each of the members of the many limited liability partnership law firms he named as defendants.  In addition, under the *Rooker-Feldman* doctrine, this Court lacks jurisdiction to conduct the appellate review of a state court judgment loss the

---

[2] In Paragraph 71, the Complaint refers to $79,264 in attorneys fees and costs payable by Plaintiff to "Greenberg Traurig", the client of Mr. Chu and Steptoe & Johnson LLP, as sanctions arising from Plaintiff's litigation conduct.

Complaint seeks to "vacate." *E.g., Hoblock v. Albany Cnty ltd. of Flees.,* 422 F.3d 77, 84 (2d Cir. 2005). As a result, the Complaint must be dismissed pursuant to Rule 12(b)(1). (*See* LBBS Mem. Argument Section I.A&B.; GT Mem. Argument Section I.A&B.)

*Second,* the Complaint's claims for relief are barred by collateral estoppel principles. (*See* LBBS Mem. Argument Section II; GT Mem. Argument Section II.)

*Third,* none of the claims against Mr. Chu and Steptoe & Johnson withstands Rule 12(b)(6) and Rule 9(b) challenge. (*See* LBBS Mem. Argument Section III; GT Mem. Argument Section III.) The Complaint is devoid of any factual allegations that would support *any* plausible inference that Mr. Chu and Steptoe & Johnson, by filing and arguing a motion to dismiss on behalf of their clients—which was granted and that decision was upheld—violated any rights of Plaintiff. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

On Plaintiff's fraud claim, for example, the Complaint nowhere alleges facts showing that Mr. Chu or Steptoe & Johnson LLP made any false statements at all, let alone that they did so with scienter or intent, as required by Rules 9(b) and 12(b)(6). (*See* LBBS Mem. Argument Section III. B; GT Mem. Argument Section III.B.)

Likewise, even were Plaintiff permitted to raise in this plenary proceeding alleged violations of N.Y. Judiciary Law § 487 (and he is not, as a matter of law), the Complaint alleges no facts showing intentional "egregious misconduct" or a "chronic and extreme pattern of legal delinquency" by Mr. Chu or Steptoe & Johnson that the statute requires. (*See* LBBS Mem. Argument Section III.C; GT Mem. Argument Section III.C.) Plaintiff also has failed to allege proximately caused damages by any conduct by Mr. Chu or Steptoe & Johnson LLP.

*Last*, the Complaint alleges no facts showing that the defense provided by Mr. Chu and Steptoe & Johnson LLP on their clients' successful motion to dismiss constituted the "outrageous" and "extreme" and "atrocious" conduct upon which a viable claim for intentional infliction of emotional distress may be based as a matter of law. (*See* LBBS Mem. Argument Section III.D; GT Mem. Argument Section III.D.)

In conclusion, the Court should stop this latest effort to reverse an adverse decision reached in part through entirely appropriate and proper legal representation by Mr. Chu and Steptoe & Johnson LLP. Left unchecked, there is every indication that Plaintiff will continue to cause these defendants to incur costs and waste resources responding to meritless claims. Mr. Chu and Steptoe & Johnson LLP respectfully request that the Court to grant their motion to

dismiss, and further to order such relief that will mitigate and prevent further waste and burden on the Court and them, and grant costs and fees.  (*See* LBBS Mem. Argument Section IV; GT Mem. Argument Section IV.)

Dated: New York, New York
         May 20, 2016

                DEWEY PEGNO & KRAMARSKY LLP

                By:    /s/ Thomas E. L. Dewey
                      Thomas E. L. Dewey (TD-6243)
                      Keara A. Bergin (KB-0831)

                777 Third Avenue
                New York, NY 10017
                (212) 943-9000
                (212) 943-4325 (fax)
                tdewey@dpklaw.com
                kbergin@dpklaw.com

                *Attorneys for Defendants Justin Y.K. Chu and Steptoe & Johnson LLP*