DENTONS US LLP
Edward J. Reich (ER 0999)
Kristen B. Weil  (KW 1981)
1221 Avenue of the Americas
New York, New York 10020
212-768-6700
edward.reich@dentons.com
kristen.weil@dentons.com

*Attorneys for Defendants*
*Dentons US LLP and Richard M. Zuckerman*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAMES BRADY,<br><br>                              Plaintiff,<br><br>              *-against-*<br><br>JOHN GOLDMAN, *etc., et al.,*<br><br>                           Defendants. | 16-CV-2287-GBD-SN |

MEMORANDUM OF LAW OF
DEFENDANTS DENTONS US LLP AND RICHARD M. ZUCKERMAN
IN SUPPORT OF THEIR MOTION TO DISMISS AND FOR INJUNCTIVE RELIEF

Defendants Dentons US LLP ("Dentons") and Richard M. Zuckerman (collectively, the "Dentons defendants") respectfully submit this Memorandum of Law in support of their motion to dismiss the Complaint and for injunctive relief.

The Dentons defendants join in the Memoranda of Law submitted on behalf of Defendants Greenberg Traurig LLP *et al.* and Lewis Brisbois Bisgaard and Smith, LLP *et al.* (the "Greenberg and Lewis Memoranda"). All of the arguments in those Memoranda apply equally to the Dentons defendants. This Memorandum will be limited to a review of the allegations relating to the Dentons defendants.

STATEMENT OF FACTS

## I.    THE ROLE OF THE DENTONS DEFENDANTS IN STATE COURT

Dentons is a law firm. Mr. Zuckerman is a partner in Dentons. Complaint ¶ 12.

Neither of the Dentons defendants played any role in the 2007 litigation in which Mr. Brady first asserted his claim that he owned or controlled the building's air rights. *Brady v. 450 W. 31st St. Owners Corp.,* Index No. 603741/07 (Sup. Ct., N.Y. Co.) ("*Brady v. Owners I*"). Neither of the Dentons defendants played any role in the 2012 transfer of air rights.

The Dentons defendants' sole role was to represent Chicago Title Insurance Company ("Chicago Title"), a defendant in one of the 2013 cases brought by Mr. Brady, *Brady v. Katz, individually and as CEO and principal owner of Sherwood Equities, Inc.,* Index No. 654226/2013 (Sup. Ct., N.Y. Co.) ("*Brady v. Sherwood Equities*"). Chicago Title and all other defendants moved to dismiss the complaint in that case. Documentary evidence showed that Chicago Title's only role was to issue a certificate relating to the transfer of development rights.[1] On July 15, 2014, the court dismissed the complaint against all defendants (including Chicago Title) in *Brady v. Sherwood Equities*, noting Chicago Title's limited role:

> On June 27, 2012, [the Co-op and Sherwood] entered into a Zoning Lot Development and Easement Agreement (ZLDEA).... * * * It was recorded with the City Register, along with the required title company certificate. * * * Chicago Title Insurance Company prepared and filed the certificate.

2014 N.Y. Slip Op. (Sup. Ct. N.Y. Co., July 15, 2014), p. 5.[2] Some of the defendants had included motions for sanctions as part of their motions to dismiss. Other defendants (including Chicago Title) deferred making motions for sanctions. The Court imposed sanctions on Mr.

---

[1] Certification of Parties in Interest Pursuant to Subdivision (c) of the Definition of Zoning Lot Set Forth in Section 12-10 of The Zoning Resolution of the City of New York, Effective December 15, 1961 as Amended, dated June 6, 2012 and recorded on July 12, 2012 (the "Certificate") (Exhibit A to Chicago Title's Motion to Dismiss, *Brady v. Sherwood Equities*, Jan. 10, 2014).

[2] The court also dismissed the complaint in *Brady v. 450 W. 31st St. Owners Corp.*, Index No. 157779/13 (Sup. Ct., N.Y. Co.)("*Brady v. Owners II*").

2

Brady. *Id.,* pp. 21- 23. Chicago Title then filed its motion for sanctions, which was granted. *Brady v. Sherwood Equities*, Index No. 654226/2013 (Sup. Ct., N.Y. Co.) (Doc. No. 160, Aug. 29, 2014). On January 30, 2015, judgment was entered against Mr. Brady, dismissing the complaint, and awarding Chicago Title attorneys' fees of $77,949.90. *Brady v. Sherwood Equities,* Index No. 654226/2013 (Sup. Ct., N.Y. Co.) (Doc. No. 197, Aug. 29, 2014). All attempts by Mr. Brady to appeal, stay, or set aside that judgment have failed.

## II.   THE ALLEGATIONS AGAINST THE DENTONS DEFENDANTS

In his Complaint, Mr. Brady makes these allegations against the Dentons defendants.

*First,* the Complaint notes that, at the March 18, 2014 oral argument on the motions to dismiss the complaint in *Brady v. Sherwood Equities*, Mr. Zuckerman described the decisions in *Brady v. Owners I* as holding that "Mr. Brady has no right to any FAR." Complaint, p. 18. "FAR" is floor area ratio, the measure of development rights, including transferable development rights ("TDRs"), under the Zoning Resolution. In *Brady v. Owners I*, the court had held that the offering plan "does not convey or reserve the TDRs to" Mr. Brady. *Brady v. Owners I*, 2009 N.Y. Slip. Op. 30599 [U] (Sup. Ct., N.Y. Co.)  (Mar. 13, 2009).

*Second,* the Complaint quotes the following excerpts from a Memorandum of Law filed by Dentons, on behalf of Chicago Title, in the New York Court of Appeals:

> Brady's motion in this Court is the latest chapter in an eight-year saga in which Brady has litigated and sought to relitigate, over and over again, the same issue: Whether Brady owns the transferable development rights ("TDRs") of a building owned by a cooperative apartment corporation in which Brady is a tenant-shareholder. * * * Brady has complained about Justice Renwick on his Internet blog, www.bullyjudges.com, and to several government and judicial entities. Neither of these grounds provides any basis whatsoever for recusal.

Complaint, p. 30.

3

### III.   FACTS RELEVANT TO ALLEGATION OF DIVERSITY JURISDICTION

At least 24 partners of Dentons, a limited liability partnership, are citizens of the State of New Jersey, as is the Plaintiff. Declaration of Randi Kester ("Kester Decl.") ¶ 6; Complaint ¶ 9.

### ARGUMENT

—

### THE COMPLAINT SHOULD BE DISMISSED

### I.   THIS COURT LACKS SUBJECT MATTER JURISDICTION

There are both "lawyers and law firms listed as Defendants in this Complaint …" Complaint ¶ 1. The law firms are partnerships or limited liability partnerships. To establish diversity jurisdiction, the Complaint must allege not only the citizenship of each of the individual defendant lawyers, but also the citizenship of each of the members of the defendant partnerships. The Complaint fails to do so, merely alleging the office addresses of the defendants.

This is not simply a failure of pleading. At least 24 partners of Dentons, a limited liability partnership, are citizens of the State of New Jersey, as is the Plaintiff. Kester Decl. ¶ 6; Complaint ¶ 9. The Complaint thus not only does not, but cannot, allege diversity jurisdiction.

### II.   THE COMPLAINT FAILS TO STATE CLAIMS AGAINST THE DENTONS DEFENDANTS

The scant allegations in the Complaint against the Dentons defendants do not plausibly allege any wrongful conduct or any cognizable damages.

Mr. Zuckerman's statement that *Brady v Owners I* held "that Mr. Brady has no right to any FAR" (Complaint, p. 18) accurately described the decision that the offering plan "does not convey or reserve the TDRs to" Mr. Brady. *Brady v. Owners I*, 2009 N.Y. Slip. Op. 30599 [U] (Sup. Ct., N.Y. Co.)  (Mar. 13, 2009). Dentons' statement in its brief in the Court of Appeals that this case was "the latest chapter in an eight-year saga in which Brady has litigated and sought to relitigate, over and over again, the same issue" (Complaint, p. 30) was a fair description of the litigation. In that same reference, the Complaint quotes the same brief as stating:

> Brady has complained about Justice Renwick on his Internet blog, www.bullyjudges.com, and to several government and judicial entities. Neither of these grounds provides any basis whatsoever for recusal.

Complaint, p. 30. Mr. Brady makes no claim that this statement was in any way inaccurate. Indeed, he repeats his alleged grievances about all of the New York state court judges in his complaint in this Court. And the statement that a litigant's complaints about a judge are not grounds for recusal is a legal argument, well-grounded in law.

The Complaint in this action also fails to plausibly allege that the Dentons defendants caused cognizable damage to Mr. Brady.

Finally, Mr. Brady's claim for intentional infliction of emotional distress is barred by the one-year statute of limitations, because the last act of the Dentons defendants alleged in the Complaint took place on March 6, 2015, when Dentons filed its brief in the Court of Appeals (Complaint, p. 30), more than one year before this action was filed on March 29, 2016.

## CONCLUSION

For the foregoing reasons and for the reasons set forth in the Greenberg and Lewis Memoranda, Dentons US LLP and Richard M. Zuckerman respectfully request that this Court dismiss the Complaint, and enter an injunction barring plaintiff from commencing any more actions or making any more motions relating to his claim that he is entitled to own or control the development rights (air rights) at issue in this and the prior litigations.

Dated: May 20, 2016

DENTONS US LLP


By: /s/ Edward J. Reich
Edward J. Reich (ER 0999)
Kristen B. Weil (KW 1981)
1221 Avenue of the Americas
New York, New York 10020
212-768-6700
edward.reich@dentons.com
kristen.weil@dentons.com

*Attorneys for Defendants*
*Dentons US LLP and Richard M. Zuckerman*