UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
JAMES H. BRADY,                                                          :
:
:
                Plaintiff,                    :
:  16-cv-2287 (GBD) (SN)
          - against -                                 :
:
JOHN GOLDMAN, ESQ. and JUSTIN SINGER,                  :
ESQ., individually and as members of HERRICK            :
FEINSTEIN LLP; DANIEL R. MILSTEIN, ESQ. and :
STEVEN SINATRA, ESQ., individually and as              :
members of GREENBERG TRAURIG LLP;                       :
RICHARD M. ZUCKERMAND, ESQ., individually              :
and as a member of DENTONS US LLP; JOSEPH P.            :
AUGUSTINE, ESQ., individually and as member of         :
SUGUSTINE & EBERLE LLP; MARK K. ANESH,                  :
ESQ. and JAIME WOZMAN, ESQ., individually and          :
as members of LEWIS BRISBOIS, BISGAARD &                :
SMITH LP; JUSTIN Y.K. CHU, ESQ., individually          :
and as member of STEPTOE & JOHNSON; and                 :
ADAM RICHARDS, ESQ., individually and as               :
member of O'REILLY, STOUTENBURG                         :
RICHARDS LLP,                                           :
:
                Defendants.                   :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**MEMORANDUM OF LAW IN SUPPORT OF
JOHN GOLDMAN, ESQ., JUSTIN SINGER, ESQ. AND HERRICK, FEINSTEIN LLP'S
<u>MOTION TO DISMISS THE COMPLAINT AND FOR INJUNCTIVE RELIEF</u>**

 

**HERRICK, FEINSTEIN LLP**
Jennifer Smith Finnegan, Esq.
2 Park Avenue
New York, New York 10016
(212) 592-1400
jfinnegan@herrick.com
*Attorneys for Defendants John Goldman,
Esq. and Justin Singer, Esq., named
"individually and as members of Herrick,
Feinstein LLP"*

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ...................................................................................................... ii

PRELIMINARY STATEMENT ..................................................................................................1

STATEMENT OF FACTS ...........................................................................................................3

ARGUMENT .................................................................................................................................5

    I.  THE COMPLAINT SHOULD BE DISMISSED FOR LACK OF SUBJECT
       MATTER JURISDICTION ..............................................................................................5

    II.  THE ACTION IS BARRED BY COLLATERAL ESTOPPEL .........................................5

    III. THE COMPLAINT FAILS TO STATE A CLAIM FOR WHICH RELIEF MAY
        BE GRANTED ...................................................................................................................6

    IV. AN INUNCTION BARRING PLAINTIFF FROM FURTHER LITIGATION
        RELATING TO THE AIR RIGHTS IS APPROPRIATE..................................................7

CONCLUSION................................................................................................................................7

# **TABLE OF AUTHORITIES**

**Page**

**Federal Cases**

*District of Columbia Court of Appeals v. Feldman*,
    460 U.S. 462 (1983)................................................................................................................5

*Rooker v. Fidelity Trust Co.*,
    263 U.S. 413 (1923)................................................................................................................5

**State Cases**

*Brady v. Katz, et al.*
    (Index No. 6542226/2013).............................................................................................1, 3, 4, 5

*Brady v. 450 West 31st Owners Corp., et al.*
    (Index No. 603741/2007).........................................................................................................4

**Statutes and Rules**

28 U.S.C. § 1332............................................................................................................................5

N.Y. Judiciary Law § 487 .....................................................................................................2, 3, 6

Fed. R. Civ. P. 9(b) ...............................................................................................................1, 3, 6

Fed. R. Civ. P 12(b)(1)..........................................................................................................1, 3, 5

Fed. R. Civ. P. 12(b)(6).........................................................................................................1, 3, 6

Defendants John Goldman, Esq. and Justin Singer, Esq., individually and as members of Herrick, Feinstein LLP (the "Herrick Defendants") respectfully submit this memorandum of law in support of its motion, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) and 9(b), to dismiss with prejudice Plaintiff James Brady's Complaint against them and for injunctive relief as set forth below.

## PRELIMINARY STATEMENT

The Herrick Defendants are among the ten individual defendant attorneys and seven law firms against whom Plaintiff brings this action, which is but one of ten separate actions he has filed based upon his claim of ownership in transferrable development rights above the commercial cooperative building at 450 West 31st Street, New York, New York (the "Air Rights"). Despite multiple rulings from New York State Courts that those Air Rights did not belong to Plaintiff, sanctions being awarded against him in 2014 for his "near perfect example of frivolous conduct," and a 2015 order enjoining him from filing any further lawsuits in the New York State Courts, Plaintiff persists in filing action after action against virtually everyone he encounters who does not agree with his claim of ownership in the Air Rights.

The named defendants in this action are the litigators who represented the defendants named by Brady in two 2013 New York State court actions challenging a 2009 decision by Justice Marcy C. Friedman (Compl, Ex. D) adjudging that the Air Rights belonged to the cooperative corporation, 450 West 31st Owners Corp. ("Owners Corp."), not to Plaintiff and his wife, and that Plaintiff and his wife had no rights to or control over the Air Rights. More specifically, the Herrick Defendants are litigators who represented defendants Jeffrey Katz, Long Wharf Real Estate Partners, LLC, Dennis Russo and Herrick, Feinstein LLP (the "Katz Defendants") in the *Brady v. Katz, et al.* (Index No. 6542226/2013). The *Brady v. Katz* action, which was consolidated with a second 2013 State court action that Brady brought against

Owners Corp. and others, was dismissed in its entirety and the court awarded sanctions in the form of attorneys' fees and costs to all of the defendants in those 2013 actions in a July 15, 2014 order and decision by Justice Shirley Werner Kornreich (Compl., Exh. H).

While the defendants in this action, including the Herrick Defendants, merely successfully defended their clients in the 2013 actions that were determined by the New York State Court to be frivolous, meritless actions and abuses of the judicial process by Plaintiff (Compl., Exh. H at 23), Plaintiff now asserts in this action that the defendants "were hired by their clients to conspire and collude to defraud plaintiff of $100 million worth of development rights…" (Compl., ¶21) and seeks overturn the July 15, 2014 decision and an award of damages for alleged common law fraud, breach of New York Judiciary Law § 487 (attorney deceit) and intentional infliction of emotional damage. This action, like the 2013 actions before it, is yet another "near perfect example" of frivolous and abusive conduct.

The Herrick Defendants now move for dismissal of the Complaint on the following grounds.

First, the Court lacks subject-matter jurisdiction over the action under Fed. R. Civ. P 12(b)(1) because the Complaint fails to allege complete diversity of citizenship between plaintiff and each individual defendant and each member of the defendant limited liability partnerships, including Herrick, Feinstein LLP, and under the *Rooker-Feldman* doctrine because it seeks review and reversal of final decisions of the New York State courts.

Second, Plaintiff is estopped by the prior rulings in the New York State courts from asserting the claims that he sets forth in his Complaint.

Third, pursuant to Fed. R. Civ. P. 12(b)(6) and 9(b), the Complaint fails to state a claim upon which relief may be granted under New York Judiciary Law § 487, common law fraud and intentional infliction of emotional distress.

The Herrick Defendants also move for injunctive relief barring Plaintiff from bringing any further vexatious litigation in this Court relating to his claim to the Air Rights at 450 West 31st Street.

## STATEMENT OF FACTS

The causes of action against all defendants in this action are identical, and the factual allegations as to all defendants are very similar. Accordingly, rather than burden the Court with extensive and repetitive briefing, in support of their motion to dismiss Herrick Defendants respectfully refer to, and incorporate herein by reference, the statements of fact and legal arguments set forth in the memoranda of law and supporting declarations submitted by defendants Lewis Brisbois, Bisgaard & Smith LP, Mark K. Anesh, Esq. and Jaime Wozman (the "LBBS Defendants") [Doc. Nos. 16 and 17] and defendants Greenberg Traurig LLP, Daniel Milstein and Steven Sinatra (the "Greenberg Defendants") [Doc. Nos. 20 and 21] in support of their contemporary motions to dismiss. Herrick Defendants provide the following supplemental facts and arguments as they apply to the specific allegations against Herrick Defendants.

The factual allegations in the Complaint against Herrick Defendants are as follows:

1) John Goldman, as litigation counsel to the Katz Defendants in the 2013 *Brady v. Katz* Action, requested that that that action be moved to the Commercial Division in New York and placed before Justice Marcy Friedman, who issued the decision in the 2007 state court litigation brought by Brady (Compl. at ¶58).

2) Mr. Goldman submitted a Request for Judicial Intervention ("RJI") in the 2013 *Brady v. Katz* action, which noted that Katz Defendants were seeking dismissal and sanctions

3

against Brady, along with an order enjoining him from filing further lawsuits about the Air Rights and also identified the previous 2007 matter of *Brady v. 450 West 31st Owners Corp., et al.* (Index No. 603741/2007) as a related case because it involved "litigation over transfer of development rights at issue in the instant action" (Compl. at ¶59, Ex. G).

3) Quotations from moving papers filed by Herrick Defendants in support of the Katz defendants' motion to dismiss and for sanctions in the 2013 *Brady v. Katz* actions, including citations to Plaintiff's online website criticizing justices of the New York Supreme Court and the Commission on Judicial Conduct because of their decisions relating to the Air Rights (Compl. at ¶59). A copy of the moving papers quoted by Plaintiff are attached as Exhibit A to the accompanying Declaration of Jennifer Smith Finnegan dated May 20, 2016 ("Finnegan Declaration").

4) As sanctions against Plaintiff for frivolous conduct, the Katz Defendants were awarded attorney's fees and expenses in the 2013 *Brady v. Katz* action (Compl. at ¶71).

5) Further quotations from papers filed by Herrick Defendants in March 2015 in the New York State Court of Appeals in opposition to Plaintiff's motion seeking modification and/or vacating of an order and decision from the trial court in the 2013 *Brady v. Katz* action denying Plaintiff's *ex parte* application for an order to show cause seeking, among other things, to (i) stay enforcement of sanctions imposed by the trial court in 2013 *Brady v. Katz* action, (ii) reverse the trial court's decision in the 2013 *Brady v. Katz* action, and (iii) renew a motion for recusal which was previously denied by the trial court in the 2013 *Brady v. Katz* action. More specifically, Plaintiff quotes from the opposition papers submitted by Herrick Defendants the statement that "Plaintiff is a serial litigant whose frivolous claims have already been adjudged meritless not less than <u>eight</u> times by the courts of the State of New York," as well as Herrick Defendants'

reference to the Trial Court's July 15, 2014 decision in the 2013 *Brady v. Katz* matter that Plaintiff's actions were a "near perfect example of frivolous conduct and warrant defendants' request for the imposition of sanctions," and that Plaintiff should not "'further test the court's patience by prosecuting claims that have…been determined.' (Decision at p. 32)." (Compl. at ¶72). A copy of the March 2015 opposition brief quoted by Plaintiff is attached as Exhibit B to the Finnegan Declaration.

## ARGUMENT

### I. THE COMPLAINT SHOULD BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION

For the reasons set forth in the memoranda of law [Docs. 17 and 21] submitted by LBBS Defendants and Greenberg Defendants in support of their motions to dismiss, the action should be dismissed in its entirety pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction on two grounds. First, the Complaint fails to adequately plead complete diversity of citizenship between Plaintiff and all defendants as required by 28 U.S.C. §1332. Second, the Complaint is jurisdictionally barred by the *Rooker-Feldman* doctrine set forth by the United States Supreme Court in *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), which precludes lower federal courts from reviewing state court judgments.

### II. THE ACTION IS BARRED BY COLLATERAL ESTOPPEL

For the reasons set forth in the memoranda of law [Docs. 17 and 21] submitted by LBBS Defendants and Greenberg Defendants in support of their motions to dismiss, the action is barred by the collateral estoppel doctrine (issue preclusion) to the extent that Plaintiff seeks to have this Court vacate the state court's findings against him.

### III. THE COMPLAINT FAILS TO STATE A CLAIM FOR WHICH RELIEF MAY BE GRANTED

Finally, each of the causes of action in the Complaint – the Judiciary Law § 487 claim, the common law fraud claim, and the claim for intentional infliction of emotional distress – fails to state a claim on which relief can be granted and thus should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6), and, with respect to the fraud claim, Fed. R. Civ. P. 9(b), for the reasons set forth in the memoranda of law [Docs. 17 and 21] submitted by LBBS Defendants and Greenberg Defendants in support of their motions to dismiss.

With respect to the Judiciary Law § 487 claim against Herrick Defendants, Plaintiff has failed to plead facts that show any misrepresentation of fact or law by Herrick Defendants, any intent on the part of Herrick Defendants to deceive the court or any party, or any chronic and extreme pattern of delinquent conduct on the part of Herrick Defendants, let alone consequential damages. All that the Herrick Defendants did, and all that Plaintiff alleges that they did, was advocate, successfully, on behalf of their clients based upon the existing record, existing law and citation to Plaintiff's own public statements. See Finnegan Decl., Ex. A and B.

With respect to the common law fraud claim, Plaintiff similarly fails to allege any knowing, material misrepresentation or omission of fact on the part of Herrick Defendants, intent to induce reliance, justifiable reliance on the part of the Plaintiff, or damages, let alone with the required specificity to support a fraud claim.

Finally, Plaintiff's claim for intentional infliction of emotional distress fails because the alleged conduct on the part of Herrick Defendants – successfully defending its clients in what has been adjudged as frivolous and abusive litigation brought against them by Brady – is not sufficiently outrageous, atrocious, shocking or extreme nor can be plausibly said to be undertaken by Herrick Defendants with the intent of causing emotional distress to Plaintiff.

There are no allegations of personal animus or motive directed against Plaintiff. Rather, all statements and conduct complained of were entirely with the bounds of a normal adversary proceeding.

### IV. AN INUNCTION BARRING PLAINTIFF FROM FURTHER LITIGATION RELATING TO THE AIR RIGHTS IS APPROPRIATE

For the reasons set forth in their moving briefs [Docs. 17 and 21], Herrick Defendants join in LBBS Defendant's and Greenberg Defendant's motion for an order barring Plaintiff from pursuing in this Court any further litigation of any kind against any party that in any way relates to or refers to the Air Rights.

### CONCLUSION

For all of the foregoing reasons, the Herrick Defendants respectfully request that this Court dismiss the Complaint with prejudice as against them and bar Plaintiff from commencing any further lawsuits or taking any further action in this Court against any party or entity with respect to the Air Rights, along with such further relief as the Court may deem just and proper.

Dated: New York, New York
       May 20, 2016

**HERRICK, FEINSTEIN LLP**

By: /s/ Jennifer Smith Finnegan
    Jennifer Smith Finnegan
2 Park Avenue
New York, New York 10016
(212) 592-1400
jfinnegan@herrick.com
*Attorneys for Defendants John Goldman, Esq. and Justin Singer, Esq., named "individually and as members of Herrick, Feinstein LLP"*