UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

JAMES H. BRADY,

                                     **Plaintiff,**

                  **-against-**

JOHN GOLDMAN, ESQ., et al.,

                                    **Defendants.**

-----------------------------------------------------------------X

**16-CV-2287 (GBD)(SN)**

**REPORT AND RECOMMENDATION**

**SARAH NETBURN, United States Magistrate Judge.**

**TO THE HONORABLE GEORGE B. DANIELS:**

      On December 5, 2016, the Court issued a Report and Recommendation recommending that defendants' motion to dismiss pro se plaintiff James H. Brady's complaint be granted without leave to amend. ECF No. 70. On the same date, the Court also ordered Brady to show cause by January 6, 2017, as to why a filing injunction should not issue barring him from instituting any further litigation relating to the air rights appurtenant to his cooperative unit at 450 West 31st Street, New York, NY, or the conduct of any attorney, judicial officer, government official, or other third party in relation to such rights. ECF No. 69. On December 14, 2016, Brady filed an "Objection to Magistrate Judge Netburn's December 5, 2016 OSC for a Filing Injunction Against Pro Se Plaintiff James H. Brady." ECF No. 72. The Court interprets this as Brady's response to the Show Cause Order. Brady has also submitted an objection to the Report and Recommendation, which also challenged the propriety of a filing injunction, ECF No. 71 at pp. 19-23, and a reply to Defendants' objections to the Report and Recommendation, reiterating his prior arguments, ECF No. 77.

Before entering a filing injunction, a district court must first provide the litigant with notice and an opportunity to be heard. Moates v. Barkley, 147 F.3d 207, 208 (2d Cir. 1998) (collecting cases). The order to show cause entered here placed Brady on notice as to the exact scope of the proposed filing and injunction and granted him over 30 days to make any submissions he desired. Brady shall be entitled to an additional 14-day period to object to this Report and Recommendation. As such, the requirement has been amply satisfied.

The Court has considered both Brady's response to the Order to Show Cause and his objections to the Report and Recommendation recommending the dismissal of his claims. In sum, Brady challenges the constitutionality of a filing injunction on these facts because he continues to claim that he was the prevailing party in Brady v. 450 31st Owners Corp., 894 N.Y.S.2d 416 (1st Dep't 2010), and that Justice Shirley Kornreich's decision in Brady v. 450 West 31st Street Owners Corp., 2014 WL 3515139 (Sup. Ct. N.Y. Cnty. July 15, 2014), was inconsistent with that decision. The Court has already considered this argument in the context of defendants' motion to dismiss and found it unavailing.

The issuance of an injunction barring a litigant from the courthouse "is a serious matter, 'for access to the Courts is one of the cherished freedoms of our system of government.'" Raffe v. Doe, 619 F. Supp. 891, 898 (S.D.N.Y. 1985) (citing Kane v. City of New York, 468 F. Supp. 586, 590 (S.D.N.Y. 1979)). Nevertheless, in exceptional circumstances, it is "beyond peradventure" that a "district court possesse[s] the authority to enjoin [a litigant] from further vexatious litigation." Safir v. U.S. Lines Inc., 792 F.2d 19, 23 (2d Cir. 1986). The Court of Appeals has held that district courts are to consider the following factors in determining whether to impose this remedy:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in

>pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

Iwachiw v. N.Y. State Dep't of Motor Vehicles, 396 F.3d 525, 528 (2d Cir. 2005) (quoting Safir, 792 F.2d at 24).

The issue in question here was finally adjudicated on January 11, 2011, when the New York Court of Appeals denied reargument on his request to appeal the decision of the New York Appellate Division, First Department. Contrary to Brady's assertions, the record plainly demonstrates that the Appellate Division held that the offering plan "contain[ed] no express language giving plaintiffs ownership of or veto power over the building's ownership of or veto power over the building's development rights or air rights," and reserved for Brady only the right "as permitted by the relevant laws, to construct or extend structures on the roof that may be built without the use of the building's development rights." Brady v. 450 31st Owners Corp., 894 N.Y.S.2d 416, 416 (1st Dep't 2010) (emphasis added). To the degree that Brady argues that he is not claiming ownership, but rather that "the co-op could not sell the rights appurtenant to his apartment without a waiver," that claim was equally disposed of in the Appellate Division's holding that he could exercise no "veto power over the building's development rights or air rights." Notwithstanding any inexactness in the Court's reference to Brady's claim as one of ownership, the record remains clear: New York state courts decided in 2011 that Brady was not entitled to control or veto power over the rights in question beyond a limited entitlement to erect structures on the building's roof. Because he has exhausted all of his appellate remedies, such decision was final.

All of Brady's subsequent cases, including the case before the Court, have been a series of collateral attacks on the initial litigation by impugning the motivations and integrity of all of the actors involved, and even those of government and private entities wholly unrelated to his case. This is not how our judicial system works. While a litigant is entitled to all of the appellate remedies provided for by law, he is required to abide and respect the judgment entered once it has become final. Indeed, the judiciary has an abiding interest in finality. See Taylor v. Sturgell, 553 U.S. 880, 892 (2007) ("By preclud[ing] parties from contesting matters that they have had a full and fair opportunity to litigate, the [doctrine of collateral estoppel] protect[s] against the expense and vexation attending multiple lawsuits, conserv[ing] judicial resources, and foster[ing] reliance on judicial action by minimizing the possibility of inconsistent decisions." (citation omitted)).

Therefore, in considering the first two factors set forth by the Court of Appeals, the Court finds that Brady has now presented a long series of lawsuits that could only be considered vexatious, harassing, and duplicative and in which he has no objective good-faith expectation of prevailing. See Brady v. Associated Press, No. 16-CV-2693 (GBD)(KNF) (S.D.N.Y. filed on April 11, 2016, Report and Recommendation recommending dismissal of claims against eight news companies for failure to state a claim pending); Brady v. Schneiderman, No. 15-CV-9141 (RA), 2016 WL 3906737, at *3 (S.D.N.Y. July 13, 2016) (claims against New York State Attorney General dismissed on standing grounds); Brady v. New York County District Attorney, Index No. 154496/15 (ECF No. 44-13) (claims against New York County officials dismissed on November 23, 2015, filing injunction entered barring plaintiff from bringing further cases in New York state courts); Brady v. NYS Comm'n on Judicial Conduct, 15-CV-2264 (WHP) (S.D.N.Y. Apr. 29, 2015) (voluntarily dismissed complaint against, inter alia, Governor Andrew Cuomo and the New York State Commission on Judicial Conduct); Brady v. 450 West 31st Street

Owners Corp., 2014 WL 3515139 (Sup. Ct. N.Y. Cnty. July 15, 2014), (ECF No. 44-6) (opinion dismissing consolidated cases Brady v. 450 West 31st Street Owners Corp., Index No. 15779/2013, and Brady v. Katz, Index No. 654226/2013 and imposing more than $400,000 of attorneys' fees sanctions).

As to the Court of Appeals' third factor, Brady is proceeding pro se, in no small part because a lawyer would likely be subject to discipline for bringing such frivolous litigation. Though the Court must treat pro se litigants liberally, "a court's authority to enjoin vexatious litigation extends equally over *pro se* litigants . . . and a court's special solicitude towards *pro se* litigants does not extend to the willful, obstinate refusal to play by the basic rules of the system upon whose very power the plaintiff[s] [are] calling to vindicate [their] rights." Lipin v. Hunt, 573 F. Supp. 2d 836, 845 (S.D.N.Y. 2008) (internal quotation marks and citation omitted).

It is similarly plain that Brady's litigation has strained the resources of both the federal and state judiciary and provoked needless expense among the parties, both private and public. This lawsuit alone has required the filing of seven motions to dismiss because of the number of law firms and individual defendants named, while the Associated Press case has involved an even larger number of news organizations. Both New York State and New York County officials have had to expend public resources to move to dismiss complaints that were barred by doctrines of official immunity. Therefore, the Court of Appeals' fourth factor tilts in favor of a filing injunction as well.

Finally, there is strong evidence that other sanctions, including monetary penalties, would not be sufficient to deter further litigation from Brady. Indeed, he has twice been sanctioned by New York state courts. See 450 West 31st Street Owners Corp, 2014 WL 3515139 (referring to Brady's "meritless actions, abusing the judicial process," stating that "[t]his is a near perfect

5

example of frivolous conduct and warrants defendants' requests for the imposition of sanctions"); New York County District Attorney, Index No. 154496/15 (ECF No. 44-13) (referring to Brady's "pattern of vexatious conduct and repetitive litigation, including his penchant to inflict hagride on those who do not do his bidding" and enjoining him from further litigation). Instead of accepting the finality of the state courts' adjudication of his rights, however, he has merely proceeded on to the federal forum from which he has not yet been barred. On this record, the Court finds any sanction lesser than a filing injunction would be insufficient to protect the court, the parties, and the public interest.

Accordingly, the Court recommends the entry of a filing injunction on the following terms.

The Plaintiff should be required to seek leave of Court before he commences any new action in the Southern District of New York that relates in any way to the air rights appurtenant to his cooperative unit at 450 West 31st Street, New York, NY, or the conduct of any attorney, judicial officer, government official, or other third party in relation to such rights. The state court cases that relate to Brady's air rights claims include: Brady v. 450 West 31st Street Owners Corp., 2008 WL 2713579 (Sup. Ct. N.Y. Cnty. July 2, 2008), aff'd, 894 N.Y.S.2d 416, leave to appeal denied, 15 N.Y.3d 710; Brady v. 450 West 31st Street Owners Corp., 2014 WL 3515139 (Sup. Ct. N.Y. Cnty. July 15, 2014); Brady v. New York County District Attorney, Index No. 154496/15 (Sup. Ct. N.Y. Cnty. 2015). The injunction would not bar Plaintiff from appealing any decision in this case to the Court of Appeals for the Second Circuit, or from prosecuting and appealing civil cases Brady v. Schneiderman, No. 15-CV-9141 (RA), and Brady v. Associated Press, No. 16-CV-2693 (GBD)(KNF). The Court emphasizes, however, that this injunction should be broadly construed to bar the filing without leave of Court of *any* case, against *any*

defendant that has as a factual predicate the air rights appurtenant to Brady's cooperative unit or *any* of the collateral actions that have arisen from it.

_____<br>
SARAH NETBURN<br>
United States Magistrate Judge

DATED:   New York, New York
         January 10, 2017

*      *      *

### NOTICE OF PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION

The parties shall have fourteen days from the service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. See also Fed. R. Civ. P. 6(a), (d) (adding three additional days when service is made under Fed. R. Civ. P. 5(b)(2)(C), (D), or (F)). A party may respond to another party's objections within fourteen days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Such objections shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable George B. Daniels at the United States Courthouse, 500 Pearl Street, New York, New York 10007, and to any opposing parties. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b). Any requests for an extension of time for filing objections must be addressed to Judge Daniels. The failure to file these timely objections will result in a waiver of those objections for purposes of appeal. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b); Thomas v. Arn, 474 U.S. 140 (1985).

cc:   James H. Brady (*by Chambers*)
      510 Sicomac Avenue
      Wycoff, NJ 07481