UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
JAMES H. BRADY,

                Plaintiff,

-against-

JOHN GOLDMAN, ESQ., et al.,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MEMORANDUM DECISION
AND ORDER

16 Civ. 2287 (GBD) (SN)

GEORGE B. DANIELS, United States District Judge:

    Plaintiff James Brady initially filed this action against ten individually-named lawyers and seven law firms who had appeared as counsel in previous actions he filed. (Compl., ECF No. 1.) Those actions centered around Plaintiff's claims regarding the air rights appurtenant to his cooperative unit on the twelfth floor of the property at 450 West 31st Street in Manhattan. This is the ninth case Plaintiff has brought in relation to his cooperative's alleged air rights. Here, Plaintiff claims that Defendants' conduct in the previous state court actions constitutes a violation of New York Judiciary Law ("NYJL") § 487's prohibition against attorney deceit, common law fraud, and intentional infliction of emotional distress.

    Plaintiff, invoking Federal Rule of Civil Procedure 60(b)(3), seeks to vacate a July 15, 2014 state court decision by Justice Shirley Kornreich, (id. ¶ 5), which dismissed Plaintiff's state court complaints on collateral estoppel grounds. Plaintiff also seeks $100 million in damages against Defendants.

    This matter was referred to Magistrate Judge Sarah Netburn. (ECF No. 3.) Before this Court is Magistrate Judge Netburn's Report and Recommendation, ("Report," ECF No. 70), noting

that this action is a part of Plaintiff's repetitive and vexatious litigation,[1] and recommending that this Court grant with prejudice Defendants' seven motions to dismiss for lack of subject matter jurisdiction and for failure to state a claim pursuant to Rule 12(b)(6).[2] (*Id.* at 2.)

In her Report, Magistrate Judge Netburn advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (*Id.* at 21-22); *see also* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Plaintiff filed timely objections to the Report.[3] (*See* Pl.'s Obj. to Report ("Pl.'s Obj."), ECF No. 71.) Defendants filed timely responses to Plaintiff's objections. (Defs.' Responses to Pl.'s Obj. ("Defs.' Resp."), ECF No. 73.)

This Court overrules Plaintiff's objections and fully adopts Magistrate Judge Netburn's recommendation. Defendants' motions to dismiss are GRANTED with prejudice. The Complaint fails to allege diversity jurisdiction and is barred by the *Rooker-Feldman* doctrine and collateral estoppel. Plaintiff has also failed to state a claim upon which relief can be granted pursuant to Rule 12(b)(6).

---

[1] Indeed, as the Report notes, Plaintiff has already been barred in New York state courts from "initiating any further litigation as party plaintiff without prior approval of the Administrative Judge of the court in which he seeks to bring a further motion or commence an action [.]" (Report, at 5.)

[2] The relevant procedural and factual background is set forth in detail in the Report and is incorporated herein.

[3] Plaintiff objects wholesale to the Report because Magistrate Judge Netburn "simply wants me to accept being the victim of a crime and to ride off into the sunset." (Pl.'s Obj., at 16.) Without citing to any persuasive or binding legal authority, Plaintiff states, "That is the finality Plaintiff is not willing to go along with." (*Id.*) Plaintiff's various ad hominem attacks upon the Court, (*see id.* at 16-17, 18-19, 23), are plainly inappropriate and have no factual basis.

## I. LEGAL STANDARD

A district court may accept, reject or modify, in whole or in part, the findings and recommendations set forth within the Report. *See* 28 U.S.C. § 636(b)(1)(C). When no objections to the Report are made, the Court may adopt the Report if "there is no clear error on the face of the record." *Adee Motor Cars, LLC v. Amato*, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (citation omitted).

When there are objections to the Report, this Court must make a *de novo* determination as to the objected-to portions of the Report. 28 U.S.C. § 636(b)(1)(C); *see also Rivera v. Barnhart*, 423 F. Supp. 2d 271, 273 (S.D.N.Y. 2006). It is sufficient that this Court "arrive at its own, independent conclusions" regarding those portions to which objections were made. *Nelson v. Smith*, 618 F. Supp. 1186, 1189–90 (S.D.N.Y. 1985) (internal citation omitted)); *see United States v. Raddatz*, 447 U.S. 667, 675–76 (1980). However, where a litigant's objections are conclusory, repetitious, or perfunctory, the standard of review is clear error. *McDonaugh v. Astrue*, 672 F. Supp. 2d 542, 547–48 (S.D.N.Y. 2009).

The pleadings of parties appearing *pro se* are generally accorded leniency and should be construed "to raise the strongest arguments that they suggest." *See Belpasso v. Port Auth. of N.Y. & N.J.*, 400 F. App'x 600, 601 (2d Cir. 2010) (internal citation and quotation marks omitted). Nonetheless, even a *pro se* party's objections must be specific and clearly aimed at particular findings in the Report, such that no party is allowed a "second bite at the apple" by merely relitigating a prior argument. *Pinkney v. Progressive Home Health Servs.*, No. 06 Civ. 5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008) (internal citation and quotation marks omitted).

## II. LACK OF SUBJECT-MATTER JURISDICTION

Plaintiff objects to the Report's finding that Plaintiff failed to allege subject matter jurisdiction, (Pl.'s Obj., at 23), on the grounds that, "[b]y answering the Complaint, Defendants waived whatever objections they may have had to Plaintiff's pleading of federal jurisdiction." (*Id.*)

In deciding a motion to dismiss "pursuant to Rule 12(b)(1), . . . the Court must accept as true all material factual allegations in the complaint, but should refrain from drawing any inferences in favor of the party asserting jurisdiction." *People United for Children, Inc. v. City of New York*, 108 F. Supp. 2d 275, 283 (S.D.N.Y. 2000) (citing *Atlantic Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd.*, 968 F.2d 196, 198 (2d Cir. 1992)). As previously noted, "under Rule 12(b)(1), [a court is] permitted to rely on non-conclusory, non-hearsay statements outside the pleadings . . . .'" *M.E.S., Inc.*, 712 F.3d at 671. The party invoking the benefit of federal jurisdiction bears the burden of establishing the existence of that jurisdiction. *Sharkey v. Quarantillo*, 541 F.3d 75, 82-83 (2d Cir. 2008) (internal citation omitted). Accordingly, "jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." *APWU v. Potter*, 343 F.3d 619, 623 (2d Cir. 2003) (quoting *Shipping Fin. Servs. Corp v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998) (internal quotation marks omitted)).

### A. Diversity Jurisdiction

Plaintiff's objection contending that he does not need to allege diversity jurisdiction, to the extent it is implied in his more general objection regarding subject matter jurisdiction, is baseless. Plaintiff fails to appreciate the procedural distinction between an answer and a motion to dismiss pursuant to Rule 12(b)(6), as well as the difference between diversity jurisdiction, one of the several heads of subject matter jurisdiction, and personal jurisdiction. Furthermore, federal courts

have a duty to dismiss an action *sua sponte* where it lacks subject matter jurisdiction. *See Durani, Nichols, Houston, Hodgson & Cortese–Costa P.C. v. Dupont*, 565 F.3d 56, 62 (2d Cir. 2009) ("If subject matter jurisdiction is lacking and no party has called the matter to the court's attention, the court has the duty to dismiss the action *sua sponte*."); *accord* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). That is, defects in subject matter jurisdiction, unlike defects in personal jurisdiction allegations, may not be waived. Accordingly, because Plaintiff fails to plead any facts regarding both the individual and LLP Defendants' domiciles, the Report properly found that Plaintiff has failed to allege diversity jurisdiction. (Report at 8-9.)

## B. *Rooker-Feldman* Doctrine

Plaintiff also objects to the Report's finding that the Complaint runs squarely into the *Rooker-Feldman* doctrine,[4] primarily claiming that he did not, in fact, lose in state court, and that the state court decision in question was a result of fraud upon the court. (Pl.'s Obj., at 4-9.) Plaintiff continues to ask that this Court disregard the July 15, 2014 decision of Justice Kornreich, which dismissed one of Plaintiff's state court actions on collateral estoppel grounds[5] and imposed sanctions on Plaintiff for vexatious and frivolous litigation. (*See* Report, at 10.)

---

[4] The *Rooker-Feldman* doctrine prohibits lower federal courts from reviewing state court judgments. (*See* Report, at 9.) In this Circuit, application of this doctrine involves a four-part test: "First, the federal-court plaintiff must have lost in state court. Second, the plaintiff must 'complain[ ] of injuries caused by [a] state-court judgment[.]' Third, the plaintiff must 'invit[e] district court review and rejection of [that] judgment[ ].' Fourth, the state-court judgment must have been 'rendered before the district court proceedings commenced' . . . ." (*Id.* (citing *Hoblock v. Albany Cty. Bd. of Elections*, 422 F.3d 77, 85 (2d Cir. 2005) (internal citation and quotation marks omitted).)

[5] Specifically, Justice Kornreich found that Brady's claims were precluded by the prior 2009 litigation, *Brady v. 450 W. 31st St. Owners Corp.* ("*Brady I*"), 70 A.D.3d 469 (2010), which was resolved in favor of the Co-Op Defendants. *See Brady v. 450 West 31st Street Owners Corp.* ("*Brady II*"), Nos. 157779/2013, 654226/2013, 2014 WL 3515939 (Jul. 15, 2014 Sup. Ct., N.Y. Cty.), (ECF No. 44-6).

As Defendants correctly respond, (Defs.' Resp., at 5), and the Report properly noted, Plaintiff's bald contention that he "is not a Supreme Court loser" lacks any factual basis. (*See* Report, at 10.) The opinion clearly states "the complaint is dismissed in its entirety ... with prejudice" because any claim arising out of "the issue of who owns or controls the air rights appurtenant to the Building's lot has already been decided in favor of the Co-Op" in the earlier state court action initiated by Plaintiff. (*Brady II*, at 14.) To argue that the opinion somehow reads otherwise confounds reality.

Plaintiff's attempts to bypass the *Rooker-Feldman* doctrine by contending that Justice Kornreich's decision is the result of "the biggest of the Big Lies Defendants have advanced," (*see* Pl.'s Opp'n to Defs.' Mot. to Dismiss ("Opp'n"), ECF No. 47, at 7), also ignore clear and controlling law in this Circuit, which does not recognize a fraud exception to the *Rooker-Feldman* doctrine, *see Kropelnicki v. Siegel*, 290 F.3d 118, 128 (2d Cir. 2002); indeed, Plaintiff fails to cite any legal authority contrary to the Second Circuit's rule and merely restates the failed theories in his opposition brief. (*See* Opp'n, at 7.) The Report properly found, therefore, that the Complaint is barred by the *Rooker-Feldman* doctrine.

### C. Collateral Estoppel

Plaintiff also objects to the Report's findings that plaintiff is collaterally estopped from relitigating air rights issues already addressed in the various state court actions. (*See* Report, at 11.) Plaintiff contends that dictionary definitions of air rights "prove Plaintiff was not a state court loser." Such contentions are inappropriate. Plaintiff's lack of legal arguments aside, as Defendants note, it would make little sense to have a federal court vacate a state court ruling that he purportedly won. (*See* Defs.' Resp., at 5.) The Report properly found that collateral estoppel precludes Plaintiff from bringing his vacatur claims. (*See* Report, at 11.)

## III. PLAINTIFF'S CLAIMS FAIL ON THE MERITS

Finally, the Report properly held that the Complaint failed to state a claim pursuant to 12(b)(6). Upon this Court's review of the record, Plaintiff objects with conclusory assertions he has already raised in previous briefing: Defendants "steer[ed] the case to the Commercial Division where they knew they had quid pro quo relationships with that small group of judges," (Pl.'s Obj., at 2); "Attorney Defendants committed fraud on the court by presenting false instruments and deliberately deceptive arguments," (*id.* at 9); "Defendants' action were [sic] certainly 'atrocious and utterly intolerable in a civilized community.'" (*Id.* at 9).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff must demonstrate "more than a sheer possibility that a defendant has acted unlawfully"; stating a facially plausible claim requires pleading facts that enable the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Thus, the factual allegations pleaded "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

Defendants correctly respond that Plaintiff does not offer any legal support for his objections. (Defs.' Resp., at 6-9.) As to Plaintiff's NYJL § 487 claim, the Report properly found that Plaintiff waived that claim when he failed to raise it in the state court proceeding, and that Plaintiff failed to allege why representations by Defendants in that proceeding were false or deceitful. (*See* Report, at 13-14.) While Plaintiff alleges the statements, speakers, and their context, his fraud claims also fail because he does not explain with particularity why those statements were deceitful as required by Rule 9(b)'s heightened pleading requirement. (*Id.* at 15.)

The Report also properly concluded that Plaintiff's intentional infliction of emotional distress allegations do not amount to a colorable claim that Defendants' oral and written advocacy on behalf of their clients were "atrocious and utterly intolerable in a civilized community." *See Howell v. N.Y. Post Co.*, 81 N.Y. 2d 115, 121-22 (1993); (*id.* at 16-17).

## IV. CONCLUSION

Having reviewed Magistrate Judge Netburn's Report and Recommendation, this Court overrules Plaintiff's objections and adopts the Report in full.[6]

Defendants' motions to dismiss are GRANTED with prejudice. Given that any amendments will not overcome Plaintiff's subject-matter jurisdiction defects, Plaintiff is denied leave to amend the Complaint.

The Clerk of the Court is directed to close the motions at ECF Nos. 15, 22, 23, 29, 34, 45, and 50, and this case.

Dated: New York, New York
January 10, 2017

JAN 11 2017

SO ORDERED.

*George B. Daniels*

GEORGE B. DANIELS
United States District Judge

---

[6] This Court refrains from a final ruling regarding the recommended filing injunction against Plaintiff and will review the relevant arguments upon receipt of the supplemental Report and Recommendation. (*See* Report, at 17-21.)