UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JAMES H. BRADY,

                  Plaintiff,

-against-

JOHN GOLDMAN, ESQ., et al.,

                  Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MEMORANDUM DECISION
AND ORDER

16 Civ. 2287 (GBD) (SN)

GEORGE B. DANIELS, United States District Judge:

Before this Court is Magistrate Judge Sarah Netburn's Report and Recommendation, ("January 11 Report," ECF No. 78), recommending that a filing injunction be entered against Plaintiff James Brady.

As this action is one of three Plaintiff has initiated in the Southern District of New York in relation to his cooperative's air rights,[1] this Court assumes familiarity with the facts, and incorporates by reference the relevant procedural and factual background set forth in detail in Magistrate Judge Netburn's December 5, 2016 Report and Recommendation granting seven motions to dismiss and dismissing Plaintiff's complaint without leave to amend. ("Dec. 5 R&R," ECF No. 70.) This Court adopted that Report in full on January 11, 2016. (ECF No. 79.)

In her December 5, 2016 Report, Judge Netburn placed Plaintiff on notice regarding entry of a filing injunction against him, detailing thoroughly how the instant action is a part of Plaintiff's

---

[1] In 2014, Justice Shirley Kornreich of the New York Appellate Division, First Department found that Brady's claims were precluded by the prior 2009 litigation, *Brady v. 450 W. 31st St. Owners Corp.* ("*Brady I*"), 70 A.D.3d 469 (2010), which was resolved in favor of the Cooperative Defendants. *See Brady v. 450 West 31st Street Owners Corp.* ("*Brady II*"), Nos. 157779/2013, 654226/2013, 2014 WL 3515939 (Jul. 15, 2014 Sup. Ct., N.Y. Cty.), (ECF No. 44-6).

repetitive and vexatious litigation.[2] That same day, Judge Netburn issued an Order to Show Cause as to why an injunction should not be entered. (ECF No. 72.) Plaintiff responded on December 14, 2016. (ECF No. 72.)

In the January 11 Report, Magistrate Judge Netburn advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (*Id.* at 21-22); *see also* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Plaintiff filed timely objections to the Report, (*see* Pl.'s Obj. to Jan. 10 Report, ECF No. 81), and also addressed the entry of a filing injunction in his Objections to the December 5 Report and his Reply to Defendants' Response to his Objections. (*See* January 11 Report, at 1-2.) Defendants jointly filed timely responses to Plaintiff's objections. (Defs.' Responses to Pl.'s Jan. 18 Obj., ECF No. 83.)

Upon *de novo* review pursuant to 28 U.S.C. § 636(b)(1)(C), this Court overrules Plaintiff's meritless and repetitive objections and fully adopts Magistrate Judge Netburn's recommendation.

While courts in this District recognize that the issuance of an injunction barring a litigant from the courthouse "is a serious matter," *Raffe v. Doe*, 619 F. Supp 891, 898 (S.D.N.Y. 1985) (citation omitted), the Report properly found, applying the five-factor inquiry in *Saffir v. U.S. Lines Inc.*, 792 F.2d 19, 24 (2d Cir. 1986),[3] that the circumstances surrounding this litigation merit entry of a filing injunction. (*See* January 11 Report, at 2-3.)

---

[2] Indeed, as the Report notes, Plaintiff has already been barred in New York state courts from "initiating any further litigation as party plaintiff without prior approval of the Administrative Judge of the court in which he seeks to bring a further motion or commence an action [.]" (Report, at 5.)

[3] The Second Circuit set forth the following five factors:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

Particularly dispositive are the first two factors: this Court notes that despite having exhausted his appellate remedies with regard to *Brady v. 450 31st Owners Corp.*, 894 N.Y.S.2d 416 (1st Dep't 2010), Plaintiff has filed a series of at least eight collateral attacks on that initial litigation; and in each he has inappropriately "impugn[ed] the motivations and integrity of all the actors involved." (*See* January 11 Report, at 4 (listing Plaintiff's various actions).) These actions have "strained the resources of both the federal and state judiciary . . . ." (*Id.* at 5.) Also weighing heavily in this Court's application of the *Saffir* factors is the "strong evidence that other sanctions, including monetary penalties, would not be sufficient to deter further litigation from Brady," who has been sanctioned twice by New York State courts, including an imposition of more than $400,000 of attorneys' fees sanctions. (*See id.*, at 5-6.)

Plaintiff is hereby enjoined against filing new actions in the Southern District of New York that relate in any way to the cooperative's air rights appurtenant to his cooperative unit at 450 West 31st Street, New York, New York, or the conduct of any attorney, judicial officer, government official, or other third party in relation to such rights. This injunction should be broadly construed to bar the filing without leave of this Court of *any* case, against *any* defendant that has as a factual predicate the cooperative's air rights appurtenant to Plaintiff's penthouse unit, or *any* of the collateral actions that have arisen from it.

Dated: New York, New York
      February 3, 2017

SO ORDERED.

*George B. Daniels* (signature)
GEORGE B. DANIELS
United States District Judge

---

*Safir*, 792 F.2d at 24.